Chief Judge Conway.
On December 7, 1956 the defendant was convicted by a jury of his peers in the County Court of Nassau County of the crimes of kidnapping and murdering four-week old Peter Weinberger and was sentenced to death in the electric chair. When he appealed to our court from the judgment of conviction the defendant addressed no challenge to the sufficiency of the People’s evidence to establish (1) the kidnapping by defendant, (2) the legal sanity of defendant or (3) the death of the infant victim of the kidnapping. His sole claim of entitlement to a new trial was predicated on alleged errors of law committed by the Trial Judge during the course of the trial. On July 3, 1957 this court rejected defendant’s contentions and affirmed the judgment of conviction (3 N Y 2d 452). Thereafter on October 23, 1957 we denied a motion by defendant for leave to reargue the appeal but granted defendant’s motion to amend the remittitur (3 N Y 2d 942, 933-934). Defendant then sought a writ of certiorari to enable him to appeal to the Supreme Court of the United States. The Supreme Court refused to hear the appeal (355 U. S. 920).
*926 Having thus been unsuccessful in his efforts to obtain a new trial through the direction of this court or of the Supreme Court of the United States, petitioner, in February of this year, applied for a writ of habeas corpus in the United States District Court for the Southern District of New York claiming that the popular feeling against him in Nassau County deprived him of his right, to a fair trial under the Fourteenth Amendment.
Prior to the trial, defendant’s counsel had made application to the Appellate Division, Second Department, for a change of venue on the ground that popular feeling against him in Nassau County entitled him to a change. The application was denied. Thereafter, defendant applied to me for permission to appeal to our court from that order. Since the right to appeal in this State in criminal eases is purely statutory, and since the Code of Criminal Procedure does not provide for an appeal to our court from an intermediate order denying a motion for a change of venue, I dismissed defendant’s motion for leave to appeal to our court from the order of the Appellate Division denying the change of venue. In so doing, I advised counsel for the defendant that if defendant were convicted he could obtain a review of the order denying the change of venue on his appeal from the judgment of conviction (see Code Crim. Pro., § 517; People v. Buchalter, 289 N. Y. 181, 220-221, affd. 319 U. S. 427; People v. Burke, 1 N Y 2d 876). The notice of appeal to our court expressly declared that defendant intended to bring up for review the order denying the change of venue. The printed record on appeal contained the minutes of the voir dire as well as the affidavits of counsel for defendant in support of the motion for a change of venue. However, the exceptionally able counsel who were assigned by our court to prosecute the appeal on behalf of the defendant stated in their brief “ Subsidiary questions, raised before or at the trial, e.g. denial of motion for change of venue (10-102); exhaustion of peremptory challenges (2057) * * * have been laid aside, but only after thorough study.” (Brief, p. 48.) Undoubtedly counsel were of the view that they could not hope to persuade this court that the Appellate Division had abused its discretion in denying the change of venue. (See People v. Buchalter, 289 N. Y. 181, 220-221, supra.)
*927 No one disputes the fact that defendant’s crime was widely-publicized. It was not only given local publicity; it was also given international coverage. Nevertheless, it is obvious that the administration of criminal justice would be impossible in a country like ours where publication is not controlled if the court had to grant a change of venue whenever a case receives lurid publicity (see People v. Brindell, 194 App. Div. 776, 780, 781). “If newspaper articles furnished ground for removal, no defendant could ever be tried in New York County for a spectacular crime.” (Ibid.)
Be that as it may, the learned District Court Judge ruled that a review of the order denying the motion for a change of venue (presumably by way of a motion for reargument) would test the validity of defendant’s position as to the order denying the change of venue and that a proceeding by writ of error coram nobis would determine whether local prejudice had denied defendant a fair trial. While I have grave doubts as to whether coram nobis is available for such purpose, since the matter can be raised by motion for a change of venue and then be reviewed on appeal, I will assume, arguendo, that it is so available. The motion for reargument is now pending in this court and a coram nobis proceeding has been had in the County Court of Nassau County. The County Court has denied the writ upon the ground that defendant ‘ ‘ has wholly failed to establish the fact that he was denied a fair trial in order to justify a new trial of the charges against him.” By the present application, defendant asks that I grant him permission to have that determination reviewed by the Court of Appeals.
Upon the coram nobis hearing defendant had a full inquiry. Defendant’s attorney examined 35 of the veniremen from the original panel of 500 prospective jurors called for defendant’s, trial. None of these veniremen, all of whom admitted having formed an opinion as to defendant’s guilt, sat as a trial juror. After these 35 rejected veniremen had been examined on the coram nobis hearing, the parties agreed that, if the balance of the veniremen who had been subpoensed were called to testify, they would testify that they had formed an opinion prior to the trial, that such opinion was one of defendant’s guilt, and that the opinion resulted from reading the newspapers, discussions with friends and radio and television coverage. All of this, of course, is to be expected and does not demonstrate an *928 atmosphere of hysteria or hostility against defendant such as would have precluded him from receiving a fair trial.
Moreover, any claim by defendant that he could not obtain an impartial jury in Nassau County was abandoned by defendant during the course of selecting the jury. ‘i The accused cannot complain if he is still tried by an impartial jury. He can demand nothing more. * * # If from those who remain, an impartial jury is obtained, the constitutional right of the accused is maintained. * * * He [defendant] was allowed twenty peremptory challenges, and it does not appear that he exhausted them.” (Hayes v. Missouri, 120 U. S. 68, 71.) In the present case of the 12 who served as jurors, it is conceded and the record reveals that after full examination by the District Attorney and the attorney for defendant, the latter stated that 11 were satisfactory or acceptable to him.
The talesmen were examined by Mr. Markowitz, the attorney for defendant, who made the following statement as to each of the 12 jurors at the folios indicated.
Juror No. 1 ■Satisfactory to the defendant (281) Juror No. 2 Satisfactory to the defendant (468) Juror No. 3 Acceptable to the defendant (570) Juror No. 4 Satisfactory to the defense (685) Juror No. 5 Satisfactory (715) Juror No. 6 Juror satisfactory (971) Juror No. 7 Satisfactory (1190) Juror No. 8 Satisfactory to the defendant (1290) Juror No. 9 Satisfactory to the defendant (1401) Juror No. 10 Satisfactory to the defense (1580) Juror No. 11 Satisfactory to the defendant (1679) o !z¡ ?H 0 1 12 I have no challenge (2052)
As to the twelfth juror, as to whom the attorney for defendant said “I have no challenge ”, the attorney for the defendant, having exhausted his peremptory challenges, stood mute and declined to say whether or not the twelfth juror was satisfactory and acceptable (fol. 2052). The attorney for defendant was then requested, together with the District Attorney, to approach the Bench where the following transpired (fols. 2052-2056):
“ Mr. G-ulotta: Ño challenge for cause. Juror satisfactory to the People.
Mr. Markowitz: I have no challenge.
*929 The Court: Swear the juror.
Mr. Gulotta: Did defense say satisfactory ?
The Court: He didn’t say so.
Mr. Markowitz: He remained mute.
Mr. Gulotta: Now, let us not have any cute tactics. Is the juror satisfactory to the defendant ?
Mr. Markowitz: I have no more peremptory challenges. I have no choice.
The Court: I know you have no peremptory challenges. You have no challenge for cause, is that correct ?
Mr. Markowitz: Correct.
Mr. Gulotta: The juror is satisfactory to the People. I ask that defense counsel now say whether he is satisfactory to the defendant or not.
The Court: Well, Mr. Markowitz?
Mr. Markowitz: I don’t think the obligation is upon me, if your Honor, please.
The Court: All right, swear the juror.
(Mr. Bartley was thereupon duly sworn as Juror No. 12.)
(The twelve jurors were sworn as a body.)
The Court: Now, because the trial may take approximately three weeks I direct the drawing of two alternate jurors.
Mr. Gulotta: If your Honor, please, before we proceed may we have it noted on the record, if you will, that the defense counsel was asked on either two or three occasions — I have forgotten which — to voice his opinion as to whether or not this last juror was satisfactory to him, having been satisfactory to the People, and that he refused to answer with relation thereto ?
The Court: Well, he did express his conclusion that there was no challenge for cause.
Mr. Gulotta: Yes, and then he was asked to state whether or not the juror was satisfactory to the defendant and he refused to so state or he refused to state anything in connection with it.
The Court: That’s right.
Mr. Markowitz: I object to that. That is not a proper statement.
The Court: Step up. These conferences should be out of the hearing of the jury.
(There was a conference at the bench.)
Mr. Markowitz: (Out of the hearing of the jury) My position is that if I had an extra challenge I would challenge this juror *930 because I don’t want another man from the Telephone Company on my jury, but I didn’t want to embarrass anybody by saying that openly when I know that it would avail me nothing, since I had exhausted my peremptory challenges. That is not a cute trick.
Mr. Grulotta: May we note now that this statement was made not in the hearing of the jury but in the presence of the Court and counsel? ”
Thus, it is clear that the attorney for the defendant never said that any one of the 12 jurors was prejudiced against defendant.
I can find no support in the evidence presented to me for defendant’s charge that he was unable to, and did not, receive a fair trial in Nassau County. His guilt was proved beyond doubt and the trial was free from legal error. He, himself, was satisfied that none of the jurors was prejudiced against him and he never claimed on the trial that any one of them was prejudiced against him. Accordingly, there is no justification for a further appeal to our court and I find myself unable, in good conscience, to certify that there is. The defendant has had his day in court and has received the full protection of the law.
The application for permission to appeal to the Court of Appeals from the order of the County Court of Nassau County denying defendant’s motion for a writ of error coram nobis is denied.