■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN SIENA, Appellant.— Order, entered March 3, 1961, denying, without a hearing, defendant's motion in the nature of writ of error *coram nobis* to vacate a 1953 conviction for multiple rapes in the first degree and associated crimes and a sentence to prison for a term of 15 to 30 years, unanimously affirmed, without prejudice, however, to defendant renewing his motion to vacate dismissal of his appeal from the judgment of conviction, if he be so advised. Defendant alleges that the admissions obtained from him and used in evidence against him upon his trial violated due process because of the use of force and because he was not mentally competent at the time (*Fay* v. *Noia*, 372 U. S. 391; *Blackburn* v. *Alabama*, 361 U. S. 199). Upon the trial, he was represented by counsel and neither issue was tendered, although defendant testified as a witness. Moreover, there was no request made or exception taken to the trial court's charge to the jury which made no reference to these issues. Under the circumstances, defendant's remedy, if any, would have been by appeal and not by post-conviction remedy in the nature of *coram nobis* (*People* v. *Howard*, 12 N Y 2d 65). Defendant also alleges that he never waived "intelligently, competently or understandingly" his right to appeal (*Fay* v. *Noia, supra*). To support this he supplies quotations from letters (but not the letters themselves) he received from his assigned attorney advising against and then refusing to carry forward an appeal. Defendant nevertheless served a notice of appeal *pro se*, at least in the Court of General Sessions, according to defendant, but the appeal was subsequently dismissed for failure to prosecute (284 App. Div. 952; 10 A D 2d 707). Prima facie, this shows a waiver of his right to appeal. In any event, the absence of any affidavit from the former attorney, or any explanation for such absence, makes insufficient defendant's bare allegations. The reason the appeal was not pursued may have been that the trial record, which has been submitted to the court and has been examined, appears to contain neither evidentiary facts nor points of law raised to support the present allegations of coercion or insanity at the time the alleged admissions were made. Defendant alleges to the contrary, namely, that the reason the appeal was not pursued was because he believed that merely serving the notice of appeal would automatically provide a full review. Of course, the thrust of the defense upon the trial was not that defendant did not commit the rapes and attempted rapes charged to him, or that he had not made the admissions attributed to him, but that he was insane at the time the alleged crimes were committed. So far as the record shows this was a conscious tactical choice made by defendant or by counsel on his behalf. Surely, *coram nobis* is not a remedy to provide an alternative theory of litigation upon the failure of an earlier one; it is but an emergency measure, when no other is available, to correct certain frauds dehors the record and to remedy violations of certain nonwaived or nonwaivable fundamental constitutional rights (*People* v. *Howard, supra*). The distinction has significance. In *coram nobis* the scope of review is different from appellate

review of the judgment of conviction. From another aspect, if defendant's rights to appeal, after notice of appeal, have been violated, then a remedy is to reinstate the appeal, and not to provide a post-conviction remedy of different and wider scope grounded on violations, if any, of an entirely different order (*People* v. *Boundy,* 10 N Y 2d 518, 521–522; cf. *People* v. *Adams,* 12 N Y 2d 417 and cases cited). For this reason, defendant, if he be so advised, and can assemble the proper affidavits and other documents, should be entitled to renew his motion to vacate the dismissal of the appeal from the judgment of conviction, and perhaps to obtain relief concerning the perfecting of his notice of appeal, if necessary, pursuant to section 524-a of the Code of Criminal Procedure. Should the affidavits on the motion present an issue of fact not resolvable on the papers a hearing will be required. Concur — Botein, P. J., Breitel, Rabin, Eager and Bastow, JJ.