**UNITED STATES of America ex rel. Rafael RIOS, Petitioner,**

v.

**Honorable Edward M. FAY, Warden of Green Haven Prison, State of New York, Respondent.**

United States District Court
S. D. New York.

July 17, 1964.

Rafael Rios, pro se.

Robert Popper, Asst. Dist. Atty., New York County, New York City, for respondent.

WEINFELD, District Judge.

The petitioner, convicted of murder in the first degree in the Court of General Sessions, New York County, applies for a writ of habeas corpus and seeks to void the judgment of conviction for alleged deprivation of his constitutional rights under the Fourteenth Amendment. The conviction was affirmed without opinion,[1] and leave to appeal to the Court of Appeals was denied.

In support of a Federal writ of habeas corpus petitioner has submitted the identical brief which was presented to the Appellate Division in urging reversal of the conviction and for a new trial. The grounds advanced in support of the appeal were all cast within the framework of alleged errors of an evidential or statutory nature. No contention was made of any deprivation of petitioner's federally protected right to due process under the Fourteenth Amendment. In his petition to this Court he contends that the claimed errors upon which he relied to secure reversal in the State Court of his conviction violated "his fundamental rights under the Constitution." These alleged constitutional infirmities were never so presented to the State Court.

State Courts, no less than Federal Courts, are duty bound to enforce and protect the rights of defendants under the Constitution of the United States,[2] and due regard for the doctrine of exhaustion of State remedies under 28 U.S.C. § 2254, requires that the constitutional claims be presented to the State Courts before intervention by the Federal Courts may be sought.[3] The State in the first instance is entitled to the oppor-

1. People v. Rios, 20 A.D.2d 626, 245 N.Y.S. 2d 984 (1st Dep't 1963).

2. Irvin v. Dowd, 359 U.S. 394, 404, 79 S. Ct. 825, 3 L.Ed.2d 900 (1959); Robb v. Connolly, 111 U.S. 624, 637, 4 S.Ct. 544, 28 L.Ed. 542 (1884); United States ex rel. Sproch v. Ragen, 246 F.2d 264, 267 (7th Cir. 1957).

3. United States ex rel. Sproch v. Ragen, 246 F.2d 264, 267 (7th Cir. 1957); United States ex rel. Berkery v. Rundle, 226 F.Supp. 579, 583 (E.D.Pa.1964); United States ex rel. Morrison v. Myers, 174 F.Supp. 818, 819 (E.D.Pa.1959). See United States ex rel. Cuomo v. Fay, 257 F.2d 438, 441 (2d Cir. 1958), cert. denied, 358 U.S. 935, 79 S.Ct. 325, 3 L.Ed.2d 307 (1959).

tunity to vacate a conviction resting upon alleged constitutional violations.[4]

Since the constitutional claims here urged to void the conviction have never been submitted to the State Courts, the application for a Federal writ of habeas corpus is denied for failure to exhaust available State remedies.[5]

L. B. Ponder, Jr., Ponder & Ponder, Amite, La., for petitioner.

Jack P. F. Gremillion, Atty. Gen., Teddy W. Airhart, Jr., Asst. Atty. Gen., Baton Rouge, La., Duncan S. Kemp, Dist. Atty., Amite, La., for respondents.

---

4. United States ex rel. Marcial v. Fay, 247 F.2d 662, 665 (2d Cir. 1957), cert. denied, 355 U.S. 915, 78 S.Ct. 342, 2 L.Ed.2d 274 (1958).

5. See United States ex rel. Emerick v. Denno, 328 F.2d 309 (2d Cir. 1964).