**UNITED STATES of America ex rel. James V. TANGREDI, Petitioner-Appellant,**

v.

**Walter M. WALLACK, as Warden of Wallkill State Prison, Wallkill, New York, Respondent-Appellee.**

**No. 401, Docket 29411.**

United States Court of Appeals
Second Circuit.

Argued March 30, 1965.

Decided April 1, 1965.

Philip Brown, New York City, for petitioner-appellant.

Brenda Soloff, Deputy Asst. Atty. Gen., New York City (Louis J. Lefkowitz, Atty. Gen. of State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen.,

Lillian Z. Cohen, Deputy Asst. Atty. Gen., on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and SWAN and KAUFMAN, Circuit Judges.

PER CURIAM.

The petitioner, James V. Tangredi, appeals from an order of the United States District Court for the Southern District of New York dismissing, without a hearing, his application for a writ of habeas corpus. He contends that his present confinement on a state court conviction for second degree manslaughter is unlawful because (1) he was indicted for conspiracy but convicted of manslaughter, (2) allegedly involuntary admissions were introduced at his trial, and (3) prejudicial publicity rendered the trial unfair.

We agree with the District Court that the indictment charged the substantive offense rather than a conspiracy. See People v. Lieberman, 3 N.Y.2d 649, 171 N.Y.S.2d 73, 148 N.E.2d 293 (1958). And since the crime charged was within the state court's jurisdiction, federal habeas corpus is not available to test the sufficiency of the indictment. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036 (1925), Kimbro v. Bomar, 333 F.2d 755 (6 Cir. 1964). We therefore affirm the District Court's order, insofar as it relates to this claim, on the merits.

Turning to the admissibility of the incriminating statements, our recent opinion in United States ex rel. Wynn v. Wilkins, 342 F.2d 777 (2 Cir. 1965), is controlling. Where, as here, the disputed issue of voluntariness was impermissibly submitted directly to the trial jury, see Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), federal habeas corpus will not lie if the petitioner has not exhausted his presently available state remedy, by way of coram nobis, to retry that issue before a state judge in compliance with the Jackson precepts. See People v. Huntley, 15 N.Y.2d 72, 255 N.Y.S. 2d 838, 204 N.E.2d 179 (1965). Accordingly, we affirm dismissal of the premature application for federal relief on this ground, but without prejudice to Tangredi's right to renew his petition in the District Court, as to this issue, should relief be denied in the New York state courts.

Similarly, coram nobis may be available to test petitioner's contention that his trial was tainted by unfair prejudicial publicity. See People v. La Marca, 4 N.Y.2d 925, 175 N.Y.S.2d 167, 151 N.E.2d 353 (1958). As we indicated in United States ex rel. Bagley v. LaVallee, 332 F.2d 890, 892 (2 Cir. 1964), "even if there were some doubt as to the availability of relief in the New York courts, we still would give its courts the first chance to review their alleged errors so long as they have not authoritatively shown that no further relief is available." Therefore, we affirm dismissal of the petition with respect to this issue for failure to exhaust presently available state remedies, 28 U.S.C. § 2254, also with the caveat that this disposition is without prejudice to renewal in the District Court should relief be denied in the state courts.