■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSE GARCIA, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 26, 1963 after a jury trial, convicting him of attempted burglary in the third degree and imposing sentence upon him as a second felony offender. The action is remitted to the trial court for a hearing upon the issue of the voluntariness of the defendant's confession and for further proceedings consistent herewith. Part of the People's proof consisted of certain statements made by defendant after arrest and before his arraignment. The issue of the voluntariness of such statements was raised by defendant during the trial and was submitted by the trial court to the jury for determination. In view of the decision of the Supreme Court of the United States in *Jackson* v. *Denno* (378 U. S. 368), this action must be remitted to the trial court for further proceedings upon the issue of voluntariness, in accordance with the procedure prescribed by this court in its decisions of December 21, 1964 (see, e.g., *People* v. *Davis*, 22 A D 2d 921), as modified and amplified by the Court of Appeals in its subsequent decision of January 7, 1965 (*People* v. *Huntley*, 15 N Y 2d 72). In the interim, the pending appeal in this action will be held in abeyance. Brennan, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK GASTIABURO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 7, 1963 after a jury trial, convicting him of burglary in the third degree and possession of burglar's instruments as a felony, and imposing sentence upon him as a second felony offender. Judgment affirmed. Section 408 of the Penal Law makes it a crime to have in one's possession any implement commonly used for the commission of a larceny under circumstances evincing an intent to use the implement in the commission of a crime. In this case the implements are toothpicks. Defendant's statement to the detective shows clearly that the toothpicks were used to prevent the owner from unlocking his apartment door while the larceny was being committed. Furthermore, the statement is couched in terms implying the use of toothpicks by the defendant as a common practice to aid in the commission of a larceny. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH M. GUASTELLA, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, entered October 6, 1964, which denied without a hearing his application to vacate a judgment of the former County Court, Queens County, rendered March 25, 1954 after a jury trial, convicting him of burglary in the third degree and petit larceny, and imposing sentence. In this proceeding defendant sought a hearing upon the issue of the voluntariness of his confession. Appeal dismissed as academic. It appears that the order appealed from was superseded by a later order entered April 9, 1965 upon reargument, which granted a hearing to defendant upon the issue of the voluntariness of his confession. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.