In the Matter of the Application for a Writ of Habeas Corpus by Charles TERRY, Petitioner,

v.

Hon. Wilfred L. DENNO, as Warden, Sing Sing Prison, Ossining, New York, and Hon. Frank S. Hogan, District Attorney, County of New York, New York, New York, Respondents.

No. 65 Civ. 3721.

United States District Court
S. D. New York.

May 18, 1966.

Charles Terry, pro se.

Frank S. Hogan, Dist. Atty., County of New York, New York City, for respondents, Eric A. Seiff, Asst. Dist. Atty., of counsel.

**WEINFELD, District Judge.**

Petitioner, originally sentenced to death, but now confined to imprisonment for life [1] under a state judgment of conviction of murder in the first degree, seeks his release upon a writ of habeas corpus based upon various charges of violation of federally protected constitutional rights under the Fifth, Sixth and Fourteenth Amendments. He alleges, among other claims, that he was denied the right to counsel during a prearraignment interrogation; that he was convicted upon false testimony of a medical examiner; that he was deprived of his right to confront witnesses against him when prison authorities delayed filling a prescription for eyeglasses; that he was denied a psychiatric examination to determine his competency to stand trial, and that he was tried by a blue ribbon jury.

None of these claims has ever been advanced in the state courts, while a sixth —that a letter which petitioner wrote to a friend while imprisoned awaiting trial was improperly intercepted by the state, and that admissions contained therein were introduced in evidence upon his trial—has been advanced there, but only as an evidentiary error and not one of constitutional dimension.[2]

In view of petitioner's failure to present and to exhaust state remedies upon these six claims, his two other claims which were presented to the New York Court of Appeals on appeal—that illegally seized evidence was admitted at his trial, and that he was denied a Jackson v. Denno [3] hearing to determine the voluntariness of his confession—do not now warrant consideration. The state courts, in the event the petitioner there presents the claims never before advanced there, may uphold one or more and order his release or retrial, thus making federal intervention unnecessary. This prospect, which furthers the need to avoid "unseemly" [4] federal intervention in state criminal proceedings, requires that petitioner, before seeking relief in this court, present all his claims and exhaust his remedies in the state courts where he can obtain a full consideration of his case.[5] "The State in the first instance is entitled to the opportunity to vacate a conviction resting upon al-

---

1. After his conviction had been affirmed without opinion, People v. Terry, 16 N.Y. 2d 731, 262 N.Y.S.2d 111, 209 N.E.2d 727 (1965), the New York capital punishment statute, N.Y.Penal Law, McKinney's Consol.Laws, c. 40, § 1045, was altered by the New York Legislature, following which the Governor, pursuant to an announced policy, commuted petitioner's sentence to life imprisonment.

2. See United States ex rel. Rios v. Fay, 232 F.Supp. 368 (S.D.N.Y.1964), holding that such a presentation does not exhaust state remedies.

3. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

4. Fay v. Noia, 372 U.S. 391, 419, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950).

5. It is " 'not authoritatively shown that no further relief is available' " to petitioner in the state courts. See United States ex rel. Tangredi v. Wallack, 343 F.2d 752, 753 (2d Cir. 1965). The precise scope of New York's currently evolving post-conviction remedies is not now clear; perhaps the New York courts in the interests

leged constitutional violations."[6] It must be assumed that state judges are no less assiduous than their federal counterparts in protecting fundamental constitutional rights.[7]

Although the doctrine of exhaustion of state remedies basically rests upon considerations of comity and harmonious federal-state judicial relationships, it also serves the "causes of efficient administration of criminal justice."[8] To grant hearings in cases such as the present, in which a petitioner has exhausted state remedies upon some but not all of his contentions, would frequently result in piecemeal consideration of habeas corpus applications and would serve to delay the rights of other litigants who are properly before the court.

Accordingly, the petition is dismissed for failure to exhaust state remedies, but without prejudice to a renewal upon a proper showing that, with respect to the claims never before presented to the state courts, petitioner has sought state relief.[9]

■ In view of this disposition, there is no occasion to appoint counsel, as requested by petitioner.[10]

---

of justice will review petitioner's claims despite his failure to make timely presentation of them upon his trial and appeal. See People v. Huntley, 15 N.Y.2d 72, 77, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965) (coram nobis available where "the issue was in the case"); People v. Kelly, 12 N.Y.2d 248, 250, 238 N.Y.S.2d 934, 189 N.E.2d 477 (1963) (despite failure to object at trial, claim considered on appeal in the interests of justice); People v. LaMarca, 4 N.Y.2d 925, 927, 175 N.Y.S.2d 167, 151 N.E.2d 353 (1958) (coram nobis assumed to be available despite previous availability of other remedies); People v. Siena, 19 A.D.2d 524, 240 N.Y.S.2d 565, 568 (1st Dep't 1963) (coram nobis available "to remedy violations of * * * non-waivable fundamental constitutional rights"). But see, e. g., People v. Howard, 12 N.Y.2d 65, 236 N.Y.S.2d 39, 187 N.E.2d 113 (1962). In any event, the states should be afforded "an opportunity to provide state procedures, direct or collateral, for a full airing of federal claims." Henry v. Mississippi, 379 U.S. 443, 453, 85 S.Ct. 564, 570, 13 L.Ed.2d 408 (1965). Should the state refuse to consider petitioner's claims, the doors of the federal court will then be open.

6. United States ex rel. Rios v. Fay, 232 F. Supp. 368–369 (S.D.N.Y.1964), quoted in United States ex rel. Tangredi v. Wallack, 236 F.Supp. 205, 207 (S.D.N.Y.1964), aff'd, 343 F.2d 752 (2d Cir. 1965). According, Rogers v. Richmond, 365 U.S. 534, 547–548, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961).

7. Darr v. Burford, 339 U.S. 200, 205, 70 S.Ct. 587, 94 L.Ed. 761 (1950); Wade v. Mayo, 334 U.S. 672, 679, 68 S.Ct. 1270, 92 L.Ed. 1647 (1948).

8. See Henry v. Mississippi, 379 U.S. 443, 432–453, 85 S.Ct. 564, 570 (1965); Wade v. Mayo, 334 U.S. 672, 679, 68 S.Ct. 1270 (1948).

9. Cf. Blair v. California, 340 F.2d 741, 745 n. 8 (9th Cir. 1965); United States ex rel. Eastman v. Fay, 62 Civil 3633, S.D.N.Y., Nov. 27, 1962. But see Lee v. Wiman, 280 F.2d 257, 264 (5th Cir.), cert. denied, 364 U.S. 886, 81 S.Ct. 176, 5 L.Ed.2d 106 (1960).

10. "[T]here is no constitutional right to representation by counsel in habeas corpus proceedings in the federal courts." United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 715 (2d Cir. 1960). See also Muhlenbroich v. Heinze, 281 F.2d 881, 884 (9th Cir. 1960), cert. denied, 365 U.S. 873, 81 S.Ct. 907, 5 L.Ed.2d 861 (1961); United States ex rel. Rodriguez v. Jackson, 246 F.2d 730 (2d Cir. 1957), cert. denied, 355 U.S. 916, 78 S.Ct. 346, 2 L.Ed.2d 276 (1958); United States ex rel. Lowery v. Murphy, 245 F.2d 751, 752 (2d Cir. 1957); United States ex rel. Tierney v. Richmond, 245 F.2d 222 (2d Cir. 1957).