■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM A. BRAM, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, entered June 29, 1965, which, without a hearing, denied his application to vacate a judgment of the former County Court, Queens County, rendered April 8, 1960, convicting him of robbery in the second degree and other crimes, upon a jury verdict, and imposing sentence. The judgment was affirmed (*People* v. *Bram,* 13 A D 2d 821). Order affirmed. In our opinion, neither of the grounds asserted falls within the scope of *coram nobis* relief. Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES McDONALD, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 11, 1966, convicting him of burglary in the third degree and grand larceny in the second degree, upon a jury verdict, and sentencing him to serve concurrent terms of 2½ to 5 years on each count. Judgment modified, on the law and facts, by reducing the conviction of grand larceny in the second degree to petit larceny and by changing the sentence as to that count to a direction that sentence is suspended. As so modified, judgment affirmed. In our opinion, there was no proof that the stolen articles had a market value of more than $100 (see Penal Law, § 1305; *People* v. *Irrizari,* 5 N Y 2d 142). Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT E. PHIPPS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 11, 1965, convicting him of attempted violation of subdivision 3 of section 1751 of the Penal Law (felonious possession of narcotics), upon a plea of guilty, and imposing sentence upon him as a second felony offender. Judgment reversed, on the law and the facts; defendant's motion to withdraw his plea of guilty and to substitute a plea of not guilty granted; and action remanded for trial. Upon the arraignment for sentencing, but before sentence was pronounced, defendant protested his innocence and moved to withdraw his prior plea of guilty. There is no claim of prejudice by the People. Under the circumstances here present, we conclude that the denial of the application constituted an improvident exercise of discretion (*People* v. *Serrano,* 15 N Y 2d 304; *People* v. *Di Alto,* 24 A D 2d 1023; *People* v. *Parker,* 24 A D 2d 610). Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.