**UNITED STATES of America ex rel. Nicholas ALBERTI, Petitioner,**

v.

**Hon. Harold W. FOLLETTE, Warden of Green Haven State Prison, Stormville, New York, Respondent.**

**No. 66 Civ. 4459.**

United States District Court
S. D. New York.

May 25, 1967.

Nicholas Alberti, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for respondent; Michael H. Rauch, Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Petitioner, imprisoned under a state judgment of conviction for a felony conspiracy,[1] seeks his release upon a federal writ of habeas corpus upon the ground that his Fourth, Fifth and Fourteenth Amendment rights were violated by the admission in evidence of (1) a post-arrest statement by petitioner containing inculpatory admissions which he charges was coerced, and (2) a tape recording of a conversation between petitioner and an informant who had a recording instrument concealed on his person. The court finds, upon the facts presented, neither claim is of substance.

As to the first, since his appeal was pending when Jackson v. Denno[2] was decided, the Appellate Division ordered an evidentiary hearing[3] on the issue of the voluntariness of the statement as provided for in People v. Huntley.[4] The hearing was held before the judge who presided at petitioner's trial. Petitioner testified, as did the two detectives who were accused by him of coercing the admissions. The trial judge found beyond a reasonable doubt that the statement was voluntary and was not made under fear induced by threats or violence or any form of coercion. On appeal, the Appellate Division, upon its own review, confirmed his conclusion as to the voluntariness of the statement and affirmed the judgment of conviction.[5]

The petitioner here renews the contentions that were presented and passed upon at the evidentiary hearing. This court has examined the entire testimony and finds there is no basis for

1. N.Y.Penal Law, McKinney's Consol. Laws, c. 40, § 580–a.

2. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

3. People v. Alberti, 23 A.D.2d 543, 256 N.Y.S.2d 177 (1st Dep't 1965).

4. 15 N.Y.2d 72, 255 N.Y.S.2d 838, 204 N.E.2d 179 (1965).

5. People v. Alberti, 24 A.D.2d 973, 265 N.Y.S.2d 594 (1st Dep't 1965).

interference with the trial judge's conclusion, affirmed by the Appellate Division, that the statement was voluntary. A reading of the testimony readily establishes that this determination is abundantly, if not overwhelmingly, supported by the record.[6] The issue was thoroughly canvassed upon the merits; petitioner was afforded every opportunity to attack the state's proof; the hearing was fairly conducted and no claim is made to the contrary. Petitioner's plea that the trial judge erroneously evaluated the credibility of witnesses furnishes no basis for another evidentiary hearing in this court.[7]

As to petitioner's second contention, a sufficient answer is Lopez v. United States[8] and United States ex rel. Molinas v. Mancusi.[9] Petitioner's attempt to bring his case within the Massiah v. United States[10] doctrine fails since there was no indictment in this case at the time the recording was made.[11]

Entirely apart from the foregoing, petitioner has never presented the federal constitutional issue to the state courts. The issue presented to the state courts with respect to the tape recording related solely to its inadmissibility based upon alleged lack of identification of the speakers and also the alleged failure to establish nontampering with the tapes. Thus, the single issue presented to the trial and appellate courts went to the competency of the proffered evidence; no constitutional infirmity was ever claimed with respect thereto. In this circumstance there has been a failure to exhaust state remedies,[12] and this court "will not act until it is established that the petitioner is foreclosed from seeking consideration of his claim by the state courts."[13]

The petition is dismissed.

6. Cf. Clewis v. State of Texas, 386 U.S. 707, 87 S.Ct. 1338, 18 L.Ed.2d 423 (1967); Davis v. State of North Carolina, 384 U.S. 737, 741-742, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966); Townsend v. Sain, 372 U.S. 293, 316, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963).

7. See Townsend v. Sain, 372 U.S. 293, 312-314, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); United States ex rel. Lo Piccolo v. LaVallee, 377 F.2d 221 (2d Cir. 1967).

8. 373 U.S. 427, 437-440, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963).

9. 370 F.2d 601 (2d Cir. 1967). See also Osborn v. United States, 385 U.S. 323, 87 S.Ct. 429, 17 L.Ed.2d 394 (1966); United States v. Kabot, 295 F.2d 848, 853-854 (2d Cir. 1961), cert. denied, 369 U.S. 803, 82 S.Ct. 641, 7 L.Ed.2d 550 (1962).

10. 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).

11. See United States v. Garcia, 377 F.2d 321 (2 Cir. 1967); United States ex rel. Molinas v. Mancusi, 370 F.2d 601, 603 (2d Cir. 1967).

12. Terry v. Denno, 254 F.Supp. 909, 910 (S.D.N.Y.1966); United States ex rel. Knight v. Fay, 232 F.Supp. 910, 911-912 (S.D.N.Y.1964); United States ex rel. Rios v. Fay, 232 F.Supp. 368 (S.D. N.Y.1964). See also United States ex rel. McBride v. Fay, 370 F.2d 547, 548 (2d Cir. 1966).

13. United States ex rel. McBride v. Fay, 370 F.2d 547, 548-549 (2d Cir. 1966). See also United States ex rel. Tangredi v. Wallack, 343 F.2d 752, 753 (2d Cir. 1965); United States ex rel. Bagley v. LaVallee, 332 F.2d 890, 892 (2d Cir. 1964).