UNITED STATES of America ex rel. James McDONALD, Petitioner,

v.

Hon. John T. DEEGAN, as Warden, Sing Sing Prison, Ossining, New York, Respondent.

No. 68 Civ. 814.

United States District Court
S. D. New York.

May 6, 1968.

James McDonald, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, for respondent; Joel Lewittes, Asst. Atty. Gen., of counsel.

## OPINION

WEINFELD, District Judge.

The petitioner is presently confined to Sing Sing pursuant to a judgment of conviction entered on January 11, 1966, in the Supreme Court, Kings County, after a trial by jury, of the crimes of burglary in the third degree and grand larceny in the second degree. He was sentenced to terms of two and a half to five years on each count to run concurrently. On appeal the Appellate Division modified the judgment of conviction by reducing the grand larceny conviction to petit larceny and by suspending sentence as to that count. As modified, the judgment of conviction was affirmed.[1] Leave to appeal to the Court of Appeals was denied.

Thereafter petitioner applied for a writ of habeas corpus to the United States District Court for the Eastern District of New York. In that proceeding the principal claim centered about a contention that petitioner was deprived of a fair trial because of the trial judge's charge as to the value of the property as to which, incidentally, the Appellate Division had granted him relief when it reduced the grand larceny charge to petit larceny and modified the judgment by suspending sentence thereon. In addition, the petitioner urged the insufficiency of the evidence of identification, but it was not presented in terms of any claimed constitutional infirmity. Judge Bruchhausen, after stating that he considered all alleged errors presented by the petition, concluded they did not support petitioner's claim for relief, and dismissed the petition.

Petitioner, in the instant proceeding, alleges for the first time that the receipt in evidence upon the trial of out-of-court identification without counsel and an in-court identification were constitutionally impermissible under United States v. Wade [2] and Gilbert v. State of California.[3] The petitioner has not exhausted available state remedies, since he has not previously presented to the state court the federal constitutional issue here urged in support of his petition; accordingly, the petition must be dismissed.[4]

Further, *Wade* and *Gilbert*, relied upon by the petitioner, apply to cases commencing after June 12, 1967.[5] Moreover, the record indicates that upon the "totality of circumstances" the identification of the petitioner was in accord with due process standards.

Petitioner's further allegation that the trial court was coercive is conclusory and contains no evidentiary allegations to support the charge.

The petition is dismissed.

1. People v. McDonald, 26 A.D.2d 822, 273 N.Y.S.2d 809 (2d Dep't 1966).

2. 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed. 2d 1149 (1967).

3. 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

4. Petitioner's only claim in his state appeal with respect to the identification now challenged on constitutional grounds was that "the evidence of identification * * * was not sufficient to identify the defendant * * *." See United States ex rel. Alberti v. Follette, 269 F. Supp. 7 (S.D.N.Y.1967); United States ex rel. Knight v. Fay, 232 F.Supp. 910 (S.D.N.Y.1964); United States ex rel. Rios v. Fay, 232 F.Supp. 368 (S.D. N.Y.1964).

5. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).