**Theodore Roosevelt STEWART,
Petitioner,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida,
Respondent.**

**No. 69–570–Civ.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Dec. 9, 1969.

Theodore Roosevelt Stewart, pro se.
Michael J. Minerva, Asst. Atty. Gen., for respondent.

## ORDER

SCOTT, District Judge.

On September 16, 1969, this Court issued an order for respondent to show cause why relief should not be granted in the above entitled case. The response has now been received by the Court and the entire file has been reviewed and considered.

Petitioner's first contention is that his conviction in the state court should be vacated because a statement which was involuntarily obtained was entered into evidence in the petitioner's trial in the state court. The transcript of the proceedings in the state court indicates that the trial court, outside the presence of the jury, inquired extensively into the voluntary nature of the statement sought to be admitted, and concluded that the statement was in fact voluntarily given to the police. The record indicates that careful attention was given to determining whether the dictates of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were followed. It thus appears that the trial court gave full and fair consideration to the legal and factual aspects of this important issue. There is sufficient evidence on the record for the trial judge to find beyond a reasonable doubt that the statement was given voluntarily. Moreover, this is a matter where the evidence is often conflicting and the demeanor of the witnesses is vital to a decision. Under the aforementioned circumstances, the Court is of the opinion that weighing the credibility of the witnesses and making a decision as to voluntariness was properly a matter for the trial judge, and no sufficient reason has been raised for this Court to substitute its opinion. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Allison v. Holman, 326 F.2d 294 (5th Cir. 1963); United States v. Follette, 269 F.Supp. 7 (S.D.N.Y.1967). It is clear that the United States District Court may base its determination on the evidence adduced at the state court hearing without holding a second hearing to determine the facts. Heyd v. Brown, 406 F.2d 346 (5th Cir. 1969).

Petitioner's second contention is that the erroneous advice of court-appointed counsel prevented the petitioner from taking a timely appeal. In the state trial court the petitioner was convicted

of manslaughter. The transcript of the proceedings held pursuant to the petitioner's motion to vacate his state conviction (Florida Criminal Rule 1.850, 33 F.S.A.) reveals that the court-appointed counsel advised the petitioner that if his appeal was successful and if he was ordered retried, that he could again be tried for second degree murder and potentially might receive a much harsher sentence. The petitioner alleges that operating under this incorrect advice he decided to forego an appeal.

Indigent defendants are not entitled to errorless counsel. Odom v. United States, 377 F.2d 853, 858 (5th Cir. 1967) ; Busby v. Holman, 356 F.2d 75 (5th Cir. 1966). However, in order to protect the best interests of indigent defendants, it is true that the actions of court-appointed counsel in representing indigent clients are more subject to review than they would be in the case where the defendant is of sufficient financial means to pay counsel of his own choosing. Byrd v. Smith, 407 F.2d 363 (5th Cir. 1969) ; Horsley v. Simpson, 400 F.2d 708 (5th Cir. 1968) ; Wainwright v. Simpson, 360 F.2d 307 (5th Cir. 1966) ; Edge v. Wainwright, 347 F.2d 190 (5th Cir. 1965). *Compare* King v. Wainwright, 368 F.2d 57 (5th Cir. 1966), cert. denied 389 U.S. 995, 88 S.Ct. 499, 19 L.Ed.2d 492 (1967).

The Court believes that the erroneous advice given the petitioner by court-appointed counsel was of such a substantial nature as to deprive the petitioner of the ability to make an informed and intelligent decision on the question of whether to appeal his conviction. Accordingly, it is

Ordered:

1. The respondent is ordered to grant the petitioner an out-of-time direct appeal of his state court conviction for manslaughter in the Criminal Court of Record of Duval County, Florida, in the Case No. 66–5068, on April 5, 1967, if the petitioner so wishes to appeal; provided, however, that before doing so the state shall guarantee the petitioner

his constitutional right to court-appointed counsel, in the absence of waiver, for the purpose of advising the petitioner of the consequences of an appeal and for perfecting such an appeal, if the petitioner so desires.