**UNITED STATES of America ex rel. Michael WILLIAMS, Relator-Appellant,**

v.

**Daniel McMANN, Warden of Auburn State Prison, Auburn, New York, Appellee.**

**No. 630, Docket 34126.**

United States Court of Appeals, Second Circuit.

Argued March 24, 1970.

Decided July 24, 1970.

John A. Guzzetta, New York City, for relator-appellant.

Mortimer Sattler, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen., and Samuel A. Hirshowitz, First Asst. Atty. Gen., State of New York, on the brief), for appellee.

Before LUMBARD, Chief Judge, HAYS, Circuit Judge, and BLUMENFELD,* District Judge.

LUMBARD, Chief Judge.

Michael Williams is one of the hundreds of prisoners serving long terms in a New York State prison who spend much of their time filing numerous petitions in state and federal courts seeking release because of fancied invasions of constitutional rights. Here Williams appeals from an order of the Northern District, dated July 29, 1969, denying his application for a writ of habeas corpus, without prejudice to its renewal after state remedies have been exhausted. Williams had filed his petition on May 26, 1969. Previously, he had filed a similar petition in the Eastern District of New York, apparently because he had been convicted in Kings County.

Judge Bruchhausen, on November 13, 1968 dismissed the Eastern District petition and on January 14, 1969 denied the application for a certificate of probable cause. Although Williams's petition to the Northern District specifically stated which state remedies had been exhausted, it did not comply with Rule 32 of the Rules of the Northern District of New York, to the effect that a petitioner must state any and all courts, both state and federal, in which he has filed previous petitions, motions or applications and the specific nature and disposition thereof. Consequently, Judge Port was unaware of the previous application and its disposition and granted a certificate of

* Of the District of Connecticut, sitting by designation.

probable cause on August 5, 1969. Undoubtedly, had Judge Port known of Judge Bruchhausen's disposition he would have refused to entertain the petition. See 28 U.S.C. § 2244(b).[1] We dismiss the appeal.

It is to be hoped that measures already taken may serve in the future to reduce substantially the duplication of effort in state courts and federal courts which arises from the numerous and repetitive petitions filed by the state prisoners who usually fail to advise what other petitions or appeals are pending in other courts with respect to the same matters. As a result of conferences between representative state and federal judges at the instance of the Chief Judge of the Court of Appeals of the State of New York and the Chief Judge of this court, the Judicial Conference of the State of New York on July 1, 1970, has set up at its office, 270 Broadway, New York City, a central filing system for basic information concerning all petitions filed by state prisoners in the state and federal courts of New York. All state and federal judges have been asked to contribute to the system, and a simple inquiry by all judges who have such petitions before them for decision will alert them to past and pending matters initiated by the same petitioner. In many cases the state court disposes of prisoner petitions without informing the respondent or the Attorney General and a record of the disposition of these cases will also be kept by the Judicial Conference. Of course, the central index will become more and more useful in the course of time to the extent that the judges supply information regarding matters coming before them.

In addition, there are two other measures which the district courts might find helpful in many cases. First, it would be reasonable to require of each petitioner a complete statement of all appeals and petitions and their disposition and whether any are still pending, together with a statement, under oath, that the list is complete and that there are no other proceedings pending. Until such information has been filed with the district court, the court would be under no duty to act. In many districts, court rules require that information regarding previous and pending applications be stated in the application for a writ. See Rule 32 of the Rules of the Northern and Western Districts of New York, and Rule 26 of the Rules of the Southern and Eastern Districts of New York. Clearly a district court need not pass upon a petition until the petitioner has included in his petition a statement which complies with the rule.

A second measure would be to invite into the case as friend of the court the district attorney of the county where the conviction had been obtained. The Attorney General of the State of New York, who represents the official detaining the petitioner, must rely on the district attorney for the factual background and for much of the history of related proceedings. In this case if the court had communicated with the District Attorney of Kings County, or had asked the Attorney General to do so, it would most certainly have been informed of the peti-

---

1. 28 U.S.C. § 2244(b) states:

"(b) When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a State court has been denied by a court of the United States or a justice or judge of the United States release from custody or other remedy on an application for a writ of habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by a court of the United States or a justice or judge of the United States unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ."

tion in the Eastern District and Judge Bruchhausen's disposition of it.

We understand that meanwhile Williams has brought additional proceedings in the state court in Kings County to set aside his conviction and that an appeal is pending with respect thereto.

The appeal is dismissed.