JOHNSON, Chief Judge.
This matter is before this court on a petition for writ of habeas corpus, wherein, inter alia, the petitioner seeks a direct, delayed appeal of his conviction, with the end result desired being that he be released from prison, or his judgment and sentence be reversed and the case remanded for a new trial. The prayer for a delayed direct appeal is predicated on the authority of Hollingshead v. Wainwright, Fla., 194 So.2d 577.
The petitioner directs this court’s attention to the record on appeal which was filed in this court as our case number K-151. Brief of petitioner accompanies the petition and therein the only point raised is the error of the trial court in admitting into evidence a statement made by the petitioner to a police officer when petitioner was not properly advised of his “Miranda Rights”, in that he was not advised that the statement would be used against him, and that he could stop his statement at any time.
Attached to the petition is a copy of an order of the United States District Court, for the Middle District of Florida, Jacksonville Division, 309 F.Supp. 1023, in which that court said, inter alia, that “[t]he record indicates that careful attention was given to determine whether the dictates of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), were followed. It thus appears that the trial court gave full and fair consideration to the legal and factual aspects of this important issue.” The United States District Court went further and said the matter had been fairly settled by the State court and it saw no reason to substitute its opinion therefor. However, the United States District Court did find that the court appointed counsel for the defendant had given the defendant erroneous advice as to what might result upon a retrial, which the court said was of “such a substantial nature as to deprive the petitioner of the ability to make an informed and intelligent decision on the question of whether to appeal his conviction,” and accordingly ordered that petitioner was entitled to a delayed direct appeal, with State furnished counsel.
The question of the erroneous advice of the appointed counsel referred to in the order of the United States District Court was raised by the petitioner previously in a petition to vacate pursuant to F.R.C.R., Rule 1.850, 31 F.S.A., and decided adversely to the petitioner by order dated January 12, 1968, from which an appeal was taken to this court and affirmed in December, 1968. The petitioner has not raised this question in his brief in the case sub judice but only raises the lack of the Miranda warnings.
We have reviewed the record on appeal filed in case K-151 and given full consideration to the petition and brief in the instant case and we fail to find wherein the petitioner has demonstrated a right to any of the relief prayed for in his petition. The petition is therefore denied.
WIGGINTON and SPECTOR, JJ„ concur.