UNITED STATES of America ex rel. Eugene DELROW, Petitioner,

v.

Hon. John L. ZELKER, Warden, Green Haven Prison, Stormville, N. Y., Respondent.

No. 70 Civ. 5597.

United States District Court, S. D. New York.

March 16, 1971.

384

Eugene Delrow, pro se.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City, for respondent; Michael Colodner, Asst. Atty. Gen., of counsel.

EDWARD WEINFELD, District Judge.

Petitioner, currently serving a term of ten to twenty years at the Green Haven State Prison, following his conviction of robbery, rape and assault after a trial to a jury, seeks his release upon a federal writ of habeas corpus. Petitioner challenges the judgment of conviction as void on five separate grounds: (1) that he was neither afforded counsel, nor advised of his right to counsel between the time of his arrest and arraignment; (2) that he was required to submit to an impermissibly suggestive "show-up" identification procedure the day after his arrest; (3) that he was improperly cross-examined about ownership of shotgun shells, which allegedly were seized illegally by the police during a search of his home; (4) that there was no corroboration of the rape charge; and (5) that the prosecutor's summation was prejudicial. In addition to the alleged specific violations of his constitutional rights under the Fourth, Fifth and Sixth Amendments, petitioner contends that the cumulative effect of the alleged errors deprived him of his right to a fundamentally fair trial under the Fourteenth Amendment.

On appeal by petitioner, the judgment of conviction was affirmed without opinion by the Appellate Division, Second Department, on May 26, 1965.[1] Leave to appeal to the Court of Appeals was denied. Thereafter, petitioner sought his release in the state courts on a writ of error coram nobis based upon allegations that he had been improperly cross-examined at the trial about the ownership of shotgun shells[2] after the Assistant District Attorney had agreed not to introduce such shells in evidence in return for the defense waiving a voir dire into the legality of a search of petitioner's home during which the shells were seized. A hearing was held, following which State Supreme Court Justice Helfand found that the agreement had been adhered to, the shells not having been introduced in evidence, and that since defendant took the stand, he was properly subject to cross-examination about any admissions made as to the ownership of the shells. The denial of the coram nobis application was affirmed without opinion by the Appellate Division.[3] Petitioner made no application for leave to appeal to the Court of Appeals.

In the foregoing posture, petitioner, in April 1970, filed a petition in this court for a writ of habeas corpus, no mention of which is made in his present application.[4] The claims of constitution-

1. People v. Delrow, 23 A.D.2d 967, 260 N. Y.S.2d 597 (1965).

2. The State's witnesses had testified that a shotgun was used by one of the holdup men in the course of the robbery.

3. People v. Delrow, 28 A.D.2d 826, 282 N. Y.S.2d 695 (1967).

4. It has been held by the Second Circuit that "it would be reasonable to require of each petitioner a complete statement of all

al infirmity advanced in the first petition are precisely the same as those now presented. Judge Murphy dismissed for failure to exhaust available state remedies the claims of denial of counsel and impermissible identification procedure. He decided upon the merits that the claims of lack of corroboration of the rape charge and prejudicial summation were without substance. Judge Murphy also held that "[t]he only issue with surface merit * * * is that raised concerning the cross-examination of the petitioner * * *. However, the issue is illusory; although petitioner repeats and reiterates the claim of the illegal search of his home, nowhere does he state what the facts were. All that we have is his conclusion and nothing more." Accordingly, Judge Murphy denied petitioner's application "without prejudice to a renewal on proper papers."[5]

▆▆ Petitioner's present application, as already noted, tracks the prior one.[6] He has failed to apply to the state for relief on his unexhausted claims;[7] as to the claims decided upon the merits, these may not be relitigated absent factors which are not alleged in the instant petition.[8] And as to the one claim "with surface merit," petitioner has neither presented the contention of illegal search to the state court,[9] nor offered any facts in the present petition to sustain the charge.[10]

The petition is dismissed.

---

appeals and petitions and their disposition and whether any are still pending, together with a statement, under oath, that the list is complete and that there are no other proceedings pending." United States ex rel. Williams v. McMann, 430 F.2d 1284, 1285 (2d Cir. 1970).

5. United States ex rel. Delrow v. Follette, 70 Civ. 1488 (S.D.N.Y. June 4, 1970).

6. With the exception of expanded argumentation and additional case citations with respect to points previously raised on pp. 9, 10, 14, 17 and 19–24 of the instant petition, the prior and subsequent applications are precisely the same in every respect.

7. United States ex rel. Santiago v. Follette, 298 F.Supp. 973, 975 (S.D.N.Y.1969); United States ex rel. Knight v. Fay, 232 F.Supp. 910, 911–912 (S.D.N.Y.1964); cf. United States ex rel. McDonald v. Deegan, 284 F.Supp. 166, 167 (S.D.N.Y. 1968); United States ex rel. Alberti v. Follette, 269 F.Supp. 7, 9 (S.D.N.Y. 1967).

8. A subsequent application for habeas corpus will not be entertained unless it "alleges and is predicated on a factual or other ground not adjudicated" on an earlier application and the court is satisfied "that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ." 28 U.S.C. § 2244(b). See Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); United States ex rel. Burke v. Mancusi, 425 F.2d 1061, 1062–1063 (2d Cir. 1970);

Nash v. Reincke, 325 F.2d 310, 312 (2d Cir. 1963), cert. denied, 377 U.S. 938, 84 S.Ct. 1345, 12 L.Ed.2d 302 (1964); cf. United States ex rel. Wilson v. Follette, 438 F.2d 1197 (2d Cir. Feb. 24, 1971).

9. The only issue before the state court in the hearing on petitioner's coram nobis application was whether the cross-examination about petitioner's ownership of shotgun shells had been improper in light of an agreement between defense counsel and the Assistant District Attorney. Justice Helfand held that the agreement had been adhered to.

10. See Schawartzberg v. United States, 379 F.2d 551, 552 (2d Cir.) (per curiam), cert. denied, 389 U.S. 901, 88 S.Ct. 225, 19 L.Ed.2d 224 (1967); Castellana v. United States, 378 F.2d 231, 234 (2d Cir. 1967); United States ex rel. White v. Fay, 349 F.2d 413, 414 (2d Cir. 1965) (per curiam); United States ex rel. Homchak v. People, 323 F.2d 449, 450–451 (2d Cir. 1963) (per curiam), cert. denied, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); United States ex rel. Realmuto v. Wallack, 254 F.Supp. 1006, 1009 (S.D. N.Y.1966). Even if the allegation were proved, however, it would not follow that the cross-examination was improper, since the defendant himself had opened the door to questioning by denying that he had ever owned a shotgun. See Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed. 2d 1 (Feb. 24, 1971); Walder v. United States, 347 U.S. 62, 65–66, 74 S.Ct. 354, 98 L.Ed. 503 (1954); Michaelson v. United States, 335 U.S. 469, 479, 69 S.Ct. 213, 93 L.Ed. 168 (1948).