■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LLOYD PENCIEL FORD, Appellant.— Appeal by defendant from an order of the County Court, Queens County, dated December 15, 1958, which denied, without a hearing, his *coram nobis* application to vacate a judgment of said court rendered March 17, 1950, convicting him, after trial, of burglary in the second degree and sentencing him to the New York City Penitentiary. Defendant's principal contention is that the proof at the trial was insufficient to warrant the conviction. Order affirmed (*People* v. *Sullivan*, 3 N Y 2d 196). Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD MAHONEY, Appellant.— Appeal by defendant from a judgment of the County Court, Kings County, rendered March 27, 1961, convicting him, after a jury trial, of robbery in the first degree, and sentencing him to serve a term of 10 to 12 years. Judgment affirmed. No opinion. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NATHANIEL SEGAL, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered July 29, 1960, after a jury trial, convicting him of grand larceny in the second degree, and sentencing him, as a second felony offender, to serve a term of 7 to 10 years. Judgment reversed on the law and a new trial ordered. The findings of fact implicit in the jury's verdict are affirmed. The indictment contained no allegation that the larceny was aided or facilitated by the defendant's use of false statements. Nevertheless, on the trial the prosecuting attorney introduced false representations by the defendant that his company had not been paid by the bank, when in fact it had received the money in full. Evidence was introduced to show that this false representation was made twice. Such evidence was inadmissible (Penal Law, § 1290-a; *People* v. *Palen*, 7 N Y 2d 107). It was error to permit the witness Davis to read the letter signed by Mary Di Pasquale. The statements contained in it were prejudicial and inadmissible. The prosecutor in his cross-examination of the defendant erred in asking him if the District Attorneys of Queens County and of Kings County were not looking for him, and whether he had knowledge that the United States Attorney was looking for him for FHA frauds. Further, the cross-examination of the defendant in connection with his previous conviction was far beyond permissible limits in a test of credibility. The prosecuting attorney, in summation, stated that defendant had committed "42 crimes of which 28 were felonies." There was nothing in the record to support these statements. Such comment was inflammatory and improper. Error was also committed by permitting the witness, Farkas, to testify as to numerous forgeries and thefts by defendant, which had no connection with the crime charged. Such testimony was immaterial and highly prejudicial. Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.