**Keith Dean GORDON, Appellant,**

v.

**Sherman H. CROUSE, Warden, Kansas State Penitentiary, Appellee.**

**No. 8464.**

United States Court of Appeals Tenth Circuit.

Feb. 21, 1966.

Rehearing Denied March 25, 1966.

Charlton H. Carpenter, Denver, Colo., for appellant.

Kenton C. Granger, Asst. Atty. Gen. (Robert C. Londerholm, Atty. Gen. of Kansas, was on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

PER CURIAM.

The district court denied appellant's habeas corpus petition without a hearing. Previously that court had denied two similar petitions, Docket Nos. 3655 H.C. and 3853 H.C., and no appeals had been taken from such denials. Appellant was sentenced in Kansas state court on July 26, 1963, to concurrent terms, the longest of which is five to ten years, on a plea of guilty made when he was represented by counsel of his own choice. He claims that such plea was "involuntary, induced by promises." The trial court held that appellant had not exhausted the available and effective Kansas post-conviction remedies.

Appellant filed a motion under K.S.A. § 60–1507, the Kansas post-conviction remedy, in the sentencing court and it was denied. As permitted by § 60–1507 he appealed to the Kansas Supreme Court and that appeal was pending when the district court denied the habeas petition with which we are now concerned. In the circumstances appellant had not exhausted his state court remedies,[1] and the district court properly denied federal habeas relief.

At the argument a certified copy of the Kansas Supreme Court docket sheet pertaining to the state appeal was presented. It showed that on December 10, 1965, the appeal was dismissed on the motion of the appellant. This does not change the situation. The appeal was

---

1. See Lee v. State of Kansas, 10 Cir., 346 F.2d 48, and Henry v. Tinsley, 10 Cir., 344 F.2d 109.

pending when the federal district court acted. If by such dismissal appellant believed that he could circumvent the exhaustion principle, he has deliberately by-passed an available state remedy and must suffer the consequences.[2]

Affirmed.

2. See Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837.