**UNITED STATES of America ex rel. Edward F. MAHONEY, Petitioner,**

v.

**Hon. Warden THOMAS, Rikers Island Penitentiary, Respondent.**

**No. 65 Civil 3648.**

United States District Court
S. D. New York.

Aug. 19, 1966.

---

2. Cf., however, United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966).

Anthony F. Marra, New York City, for petitioner; Joshua N. Koplovitz, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for respondent; Brenda S. Soloff, Deputy Asst. Atty. Gen., of counsel.

WEINFELD, District Judge.

Edward F. Mahoney, currently serving a sentence of from ten to twelve years following his conviction in the Supreme Court of Kings County, New York, of robbery in the first degree, seeks his release on a federal writ of habeas corpus, contending that his federal rights under the Fourth and Fourteenth Amend-

ments were violated when allegedly illegally seized evidence was used against him at his trial.

The judgment convicting petitioner was entered on March 27, 1961, when evidence, even though obtained through an unreasonable search and seizure, was admissible in criminal prosecutions in the New York courts.[1] However, on June 19, 1961—seven days before petitioner's conviction was affirmed by the Appellate Division[2] and some seven months before it was affirmed by the New York Court of Appeals[3]—the Supreme Court ruled in Mapp v. Ohio[4] that the constitution required the exclusion of such evidence upon state criminal trials. Petitioner did not raise the *Mapp* ground on either of his appeals; however, in 1962 he moved on the basis of *Mapp* for reargument before the Court of Appeals and in 1965 made a similar motion before the Appellate Division. Both motions were denied.

Meanwhile on May 19, 1964, while incarcerated in Auburn State Prison in the Northern District of New York, he petitioned for a writ of error coram nobis in the Kings County Supreme Court on an entirely different ground—that he had been denied due process by the prosecution's knowing use of perjured testimony upon his trial. In connection with this proceeding, on September 23, 1965 the state court directed the warden of Auburn Prison to deliver the petitioner to the New York City Commissioner of Correction, who in turn was ordered to produce petitioner before the Kings County Supreme Court in Brooklyn, New York, on October 29 and, upon the termination of the proceeding to return petitioner to the custody of the warden of Auburn Prison. In compliance with these directions, petitioner was delivered into the custody of the Commissioner of Correction at the New York City Penitentiary on Rikers Island, located within the

1. See Wolf v. People of State of Colorado, 338 U.S. 25, 33, 69 S.Ct. 1359, 93 L.Ed. 1782 (1949); People v. Defore, 242 N.Y. 13, 150 N.E. 585 (1926).

2. People v. Mahoney, 13 A.D.2d 1033, 218 N.Y.S.2d 981 (2d Dep't 1961).

3. People v. Mahoney, 10 N.Y.2d 1021, 224 N.Y.S.2d 693, 180 N.E.2d 270 (1962).

4. 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

Southern District of New York, from where he filed the instant federal petition. Later he was transferred to the Queens House of Detention in the Eastern District of New York. Both installations are under the jurisdiction of the Commissioner. Upon termination of the state proceeding, petitioner was returned, as the original order required, to the custody of the warden of Auburn Prison and thus to the Northern District of New York.

The state contends that because petitioner, while present in this district when he filed his petition, was then only in the temporary custody of the Commissioner and on the return day of this petition had already been returned to his original place of confinement outside the district, where he has since remained in custody of his original keeper, as required by the state order which commanded his appearance, this Court lacks jurisdiction to issue a writ. The Court does not pass upon this issue, however, since even assuming arguendo that jurisdiction were found to exist, the application for a writ is denied for failure to exhaust presently available state remedies.

■ As already noted, petitioner in 1964 applied in the state courts for coram nobis relief. While the requested relief has been denied by the trial court, an appeal from the denial is presently pending, and the general rule is that the pendency of a state appeal challenging a conviction on federal constitutional grounds bars federal intervention to set aside the conviction until the appeal is decided.[5] It is true that petitioner's coram nobis application raises a different issue from that presented in the instant federal proceeding, but even in this circumstance it has been held that the pending state proceeding constitutes an available state remedy which must be exhausted before federal habeas corpus may be sought.[6] This position is a sound one. As this Court recently noted,[7] when a prisoner possesses a federal constitutional claim which has been presented to and not finally determined by the state courts, they

"may uphold * * * [it] and order his release or retrial, thus making federal intervention unnecessary. This prospect * * * furthers the need to avoid 'unseemly' federal intervention in state criminal proceedings * * *. [I]t also serves the 'causes of efficient administration of criminal justice.' To grant hearings in cases such as the present, in which a petitioner has exhausted state remedies upon some but not all of his contentions, would frequently result ·in piecemeal consideration of habeas corpus applications and would serve to delay the rights of other litigants who are properly before the court." [8]

■ The federal claim pending in the state courts when petitioner commenced this proceeding and still pending there at the present time could result in petitioner's release from custody without federal

---

5. See Gordon v. Crouse, 357 F.2d 174 (10th Cir. 1966) ; Shelton v. State of South Carolina, 285 F.2d 540 (4th Cir. 1961); People of State of New York ex rel. Epps v. Nenna, 214 F.Supp. 102, 104–105 (S.D.N.Y.1963).

6. See United States ex rel. Realmuto v. Fay, 230 F.Supp. 158, 160 (S.D.N.Y. 1964) ; United States ex rel. Thompson v. Fay, 197 F.Supp. 855, 856 (S.D.N.Y. 1961). United States ex rel. Krzywosz v. Wilkins, 336 F.2d 509 (2d Cir. 1964), is not to the contrary. There the Court of Appeals held that a limited state appeal, upon which a petitioner could attack only the validity of his sentence but not the legality of his conviction, did not constitute a pending proceeding which demonstrated that petitioner had not exhausted his state remedies. The clear implication of the Court's opinion was that, if a petitioner was attacking the validity of his conviction in a proceeding then pending in the state courts, he could not simultaneously institute a similar proceeding in the federal courts.

7. Terry v. Denno, 254 F.Supp. 909 (S.D. N.Y.1966).

8. Id. at 910–11.

judicial intervention. Since "[t]he State in the first instance is entitled to the opportunity to vacate a conviction resting upon alleged constitutional violations," [9] the petition is dismissed.

9. United States ex rel. Rios v. Fay, 232 F.Supp. 368–369 (S.D.N.Y.1964), quoted in United States ex rel. Tangredi v. Wallack, 236 F.Supp. 205, 207 (S.D.N.Y. 1964), aff'd, 343 F.2d 752 (2d Cir. 1965). Accord, Rogers v. Richmond, 365 U.S. 534, 547–548, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961).