John E. KANAN, Appellant,

v.

DENVER DISTRICT COURT, Henry E.
Santo, Judge, Appellee.

No. 529–70.

United States Court of Appeals,
Tenth Circuit.

Feb. 26, 1971.

Robert G. Busch, Lakewood, Colo., for appellant.

Richard G. McManus, Jr., Asst. Atty. Gen., Denver, Colo. (Duke W. Dunbar, Atty. Gen., and John P. Moore, Deputy Atty. Gen., with him on the brief), for appellee.

Before HILL, SETH, and HOLLOWAY, Circuit Judges.

SETH, Circuit Judge.

This is an appeal from denial without hearing of appellant's State prisoner habeas corpus petition by the United States District Court for the District of Colorado.

In 1968, the Denver District Court sentenced Kanan for a period of four years, eleven months, to five years. This sentence was suspended and he was placed on probation for a period of five years; he was arrested in June 1969, and thereafter the original sentence was reinstated under Colo.Rev.Stat. 39–16–9 (1963).

Kanan filed a motion to vacate judgment in the State district court under rule 35(b) of the Colorado Rules of Criminal Procedure. This motion was denied on December 12, 1969. Appellant then sought habeas corpus relief in the United States District Court. On January 30, 1970, this petition was denied, the court stating that since there was still time for Kanan to file a writ of error to the Colorado Supreme Court from the 35(b) denial, he had failed to exhaust his State remedies. Subsequently, appellant filed an original rule 35(b) motion in the Colorado Supreme Court, which was denied on February 19, 1970, without prejudice to the appellant to bring a rule 35(b) motion in the trial court and a writ of error from any ruling in the trial court. Appellant did nothing until the time expired for perfecting his appeal (six months from December 12, 1969). Then, on June 17, 1970, Kanan filed his habeas corpus petition in this action. The District Court denied relief, noting that petitioner appeared to have wilfully bypassed his State remedies. We agree.

There is no contention that an appeal by writ of error to the Colorado Supreme Court of the rule 35(b) denial would have been a fruitless undertaking. Petitioner was informed of the proper procedure before the time for appeal had expired. This case is indistinguishable from Terry v. Patterson, 372 F.2d 480 (10th Cir. 1967), and Langdon v. Patterson, 376 F.2d 29 (10th Cir. 1967). The District Judge properly denied relief on the ground that petitioner had not exhausted his State remedies.

Affirmed.