Robert LaGRONE, # 88443, Petitioner,

v.

The STATE OF OKLAHOMA et al., Respondents.

No. CIV-76-0716-D.

United States District Court,
W. D. Oklahoma.

Sept. 8, 1976.

Robert LaGrone, pro se.

Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for respondents.

ORDER

DAUGHERTY, Chief Judge.

The court has examined the Petition for Writ of Habeas Corpus presented to the clerk of this court by the above-named petitioner together with the Motion for leave to proceed in forma pauperis and the required affidavit. It appears therefrom that the petitioner claims that his detention by virtue of the judgment and sentence of the District Court of Oklahoma County, Oklahoma, in case No. CRF-73-3222 is unlawful because he was unconstitutionally deprived of his right to present witnesses in his behalf.

From his allegations it further appears that he was convicted in said case after a trial by jury of the offense of Robbery With Firearms and sentenced on July 8, 1974, to 20 years imprisonment. A direct appeal was perfected which resulted in the judgment and sentence being affirmed on June 2, 1975. A Petition For Rehearing was denied. On August 15, 1975, he filed an Application for Post Conviction Relief in the sentencing court which was denied on July 2, 1976. The court in its Memorandum of Opinion recited in pertinent part that retained counsel had waived all assignments of error alleged in petitioner's pro se Application for Post Conviction Relief except that pertaining to alibi. The petitioner appealed to the Oklahoma Court of Criminal Appeals in case No. PC-76-526. On July 28, 1976, the appellate court approved the trial court's Findings of Fact and Conclusions of Law relating to the issue of alibi and the alleged newly discovered evidence in support thereof but found that the waiver of the other alleged errors was not effective and remanded the case back to the trial court for further proceedings.

 The petitioner contends that because the Oklahoma courts have finally determined adversely to him the one issue, that he is entitled to immediately proceed in this court although there is still pending in the District Court of Oklahoma County his Post Conviction Proceeding on his other

contentions. It is the general rule that state remedies have not been exhausted so long as there is pending in the state courts proceedings under the state Post Conviction Procedure Act. *Gordon v. Crouse,* 357 F.2d 174 (CA10 1966). The final disposition of petitioner's application in the state courts may render the present action moot and unnecessary. Considerations of comity as well as the desire to avoid piecemeal litigation dictate that under the circumstances of this case the courts of Oklahoma should have the opportunity to consider all of petitioner's pending constitutional claims before he can seek habeas relief in this court. If he is unsuccessful in the sentencing court he may then appeal to the Court of Criminal Appeals for the State of Oklahoma as pointed out in that court's Order of July 28, 1976. He may not deliberately bypass this additional remedy provided by the State. *Kanan v. Denver District Court, Henry E. Santo, Judge,* 438 F.2d 521 (CA10 1971).

Since the application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed in forma pauperis is granted and the clerk is directed to file the case. The Petition will then be dismissed.

IT IS SO ORDERED.