Rhenna Navajo EDWARDS, Petitioner,

v.

The STATE OF OKLAHOMA, Respondent.

No. CIV–77–0297–D.

United States District Court, W. D. Oklahoma.

March 29, 1977.

Peter K. Schaffer, Oklahoma City, Okl., for petitioner.

Larry Derryberry, Atty. Gen., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, Chief Judge.

The court has examined the Petition for Writ of Habeas Corpus presented to the clerk of this court by the above-named petitioner together with a Motion for leave to proceed in forma pauperis and the required affidavit. It appears therefrom that the petitioner was found guilty on March 17, 1975, after a trial by the court without a jury of the crime of Operating a Motor Vehicle While Under the Influence of Intoxicating Liquor in violation of 47 O.S. § 11–902 in case No. CRM–74–3211, District Court of Oklahoma County, Oklahoma. The court then sentenced the petitioner to serve a term of six months imprisonment in the county jail but suspended the execution of the sentence to the confinement except for the first 10 days. A fine of $150 and the payment of court costs were also imposed. The petitioner alleges that he is presently satisfying the terms of the fine portion of the sentence.

On direct appeal to the Oklahoma Court of Criminal Appeals the petitioner contended that the trial court had improperly overruled the defendant's Motion to Suppress evidence of the breathalyzer test and the results therefrom for the reason that the non-malicious destruction of the test ampoule and contents was destruction of material evidence and thus a denial of due process. The judgment and sentence of the trial court was affirmed on November 24, 1975, and a Petition for Rehearing denied January 5, 1976. *Edwards v. State,* 544 P.2d 60 .(Okl.Cr.1975).

The petitioner then filed a Petition for Writ of Habeas Corpus in this court in case No. CIV–76–0028–D in which he asserted this same ground for relief. Because the petitioner had not utilized the state post conviction remedy provided by the Oklahoma Post Conviction Procedure Act, 22 O.S. § 1080, et seq., the court dismissed the Petition on January 20, 1976. The petitioner then returned to the sentencing court with an Application for Post Conviction Relief which was denied on March 16, 1976. The basis of this application was the same as that presented in the direct appeal and the Oklahoma Court of Criminal Appeals on April 30, 1976, again affirmed the trial court.

Petitioner again returned to this court in CIV–76–0389–D seeking relief on the ground which he had earlier presented to the State courts in exhausting his state remedies. This court determined the issue adversely to him and denied the Petition for Writ of Habeas Corpus on August 23, 1976. Thereafter, the petitioner filed a Motion for New Trial in which he claimed for the first time that 47 O.S. § 752 relating to blood tests to determine blood alcohol concentration was unconstitutional as a denial of equal protection and due process. The court found that the state courts had not had a fair opportunity to consider this new equal protection claim and therefore the petitioner had not exhausted his state remedies on this claim. The Motion for New Trial was denied. The petitioner perfected, and there is now pending, an appeal in the Court of Appeals for the Tenth Circuit from the Orders of this court in said case.

■ In his present Petition the petitioner reasserts both of his prior claims. As to the first issue it would seem clear that the court is not required to again reconsider petitioner's contention. The matter was determined adversely to the petitioner in the prior proceeding in this court. That determination was on the merits and the ends of justice would not be served by reaching the merits in the present application. By statute and decisional law the court is relieved

of any duty under these circumstances to entertain the application on this identical ground in this proceeding. See 28 U.S.C. § 2244 and *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) and *Queen v. Page,* 362 F.2d 543 (C.A.10 1966).

■ Different circumstances, do, however, exist with respect to the second claim. This claim was not disposed of on the merits in the prior proceeding. The petitioner now alleges that he has exhausted his state remedies by another action in the state courts under the Oklahoma Post Conviction Procedure Act. Nevertheless, there is presently pending in the Court of Appeals an appeal involving the correctness of this court's ruling on all issues raised in the prior proceeding. The appeals court could decide that this court was wrong in its determination on the merits of petitioner's due process suppression of evidence claim. It could find that the petitioner had exhausted his state remedies and treat on the merits petitioner's equal protection claim. It could even accept the respondent's argument that the petitioner was not in custody and therefore this court had no habeas corpus jurisdiction. In any of these events the appellate disposition would render the present action moot and unnecessary. It is recognized that a collateral attack will not be entertained during the pendency of a direct appeal. *Welsh v. United States,* 404 F.2d 333 (C.A.5 1968); *Masters v. Eide,* 353 F.2d 517 (C.A.8 1965); *Black v. United States,* 269 F.2d 38 (C.A.9 1959), cert. denied, 361 U.S. 938, 80 S.Ct. 379, 4 L.Ed.2d 357. See also *Gordon v. Crouse,* 357 F.2d 174 (C.A.10 1966) and *Denny v. State of Kansas,* 436 F.2d 587 (C.A.10 1971). The underlying rationale for these decisions applies with equal force when a habeas petitioner is seeking to initiate a new proceeding during the pendency of his appeal of a prior unsuccessful habeas application which could result in a determination that he is unlawfully detained and entitled to release. Considerations of judicial economy dictate that under these circumstances a petitioner should not be entitled to have considered simultaneously proceedings in this court

and the court of appeals to overturn his conviction and sentence.

Since the application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed will be granted and the Petition filed by the clerk. Then for the reasons stated the Petition will be dismissed.

IT IS SO ORDERED.