UNITED STATES of America ex rel.
Joseph DONAHUE, Relator,

v.

J. E. LaVALLEE, as Warden of Clinton
Prison, Dannemora, New York,
Respondent.

Civ. No. 9195.

United States District Court
N. D. New York.

Jan. 21, 1963.

Joseph Donahue, pro se.

Louis J. Lefkowitz, Atty. Gen., Albany, N. Y., Frank S. Hogan, Dist. Atty., New York County, New York City (Raymond B. Madden, Asst. Atty. Gen., of counsel), for respondent.

FOLEY, District Judge.

The petitioner pled guilty to manslaughter first degree in the Court of General Sessions, County of New York on February 18, 1948. On April 15, 1948, acknowledging in open court he was convicted of three previous felonies, he was sentenced to a term not less than twenty years, and the maximum of life.

Previously, he applied to me in 1961 for what he termed, and still does, an *extraordinary* writ of habeas corpus. I denied such application by memorandum-decision and order dated December 18, 1961, with the comment—not made in any sense of derogation of his rights—that the *ordinary* writ of federal habeas corpus has brought effective relief to many state prisoners of New York in recent years. The petitioner accepted my denial graciously, and as the present handwritten petition indicates, made attempt in Massachusetts to challenge the 1932 conviction of that State used against him in New York that he says is constitutionally invalid. As is his right, the present petition challenges the Massachusetts conviction directly in this District Court under the ruling in United States ex rel. LaNear v. LaVallee, 2 Cir., 306 F.2d 417. There is no doubt in my mind there will be few, if any, state prisoners of New York who will bother in this type attack to proceed in the State other than New York. State prisoners are astute in their own way, and all will be, or probably now are, knowledgeable of the burden cast upon New York to meet the challenge to out-state convictions used under its Multiple Offender Law.

When this second handwritten petition was filed, I issued an order to the Attorney General of New York and the distinguished District Attorney of New York County to show cause why the writ should not issue. There is filed a detailed opposing affidavit on behalf of the Attorney General but there is no response in any form from the office of the District Attorney. This is noted not in any sense of criticism because I have had cooperation and response from that outstanding office in previous habeas corpus applications. It has maintained the highest standards in prosecutive responsibility in a city where the fight against crime for the survival of its inhabitants must be relent-

less and courageous. The results obtained by efficiency and competency in that office to serve the public interest and protect the law abiding are nationally recognized.

Be that as it may, in the matter at hand, I am not persuaded that the petition is sufficient in its content to support the constitutional challenge made or to warrant the holding of a hearing. The petitioner was convicted of the crime of robbery in 1932 after a jury trial in Suffolk Superior Court, Massachusetts, and sentenced to a term of from four to seven years. Attached to the affidavit of the Attorney General, and the petitioner obtained the same information, there is a letter from the District Attorney's office in Massachusetts that the records do not indicate Donahue was represented by counsel or there was filed a waiver of counsel card. As a New York lawyer, I do not know the significance of such custom to sign and file a waiver of counsel card. (See Brown v. Allen, 344 U.S. 443, 458–459, 73 S.Ct. 397, 97 L.Ed. 469; Darr v. Burford, Frankfurter dissenting, 339 U.S. 200, 230–231, 70 S.Ct. 587, 94 L.Ed. 761). The letter further informs that the authorities of Massachusetts are unable to find any minutes of this trial held more than thirty years ago. It may be, and I am not certain of this, that the petitioner may be the only one alive to recount what happened at his criminal trial held in the distant past.

The handwritten petition only attempts to enlighten this Court upon the possibility of fundamental unfairness by the simple paragraph that "petitioner was confronted with a serious felony charge. He was not advised of his right to counsel; have counsel; nor know of his right to counsel." There is not a single fact as to age, education, criminal court experiences, complexity of the charges, or elements of the pretrial or trial procedure set forth that might give some reasonable support to justify at least suspicion that unfairness or overreaching existed at the trial in 1932. The criminal record attached to the Assistant Attorney General's affidavit shows violations of law by the defendant commencing in 1909. Although it is true some are not apparently serious, several are, and they number more than twenty-five brushes with the law that at least must have given nodding acquaintance with the criminal procedures and courts. Twenty-three years of life passed for petitioner from 1909 to 1932, and he must have reached some stage of maturity by 1932.

■■ I am cognizant, of course, of the recent decisions in the appellate federal courts indicating a liberal approach to the grant of hearings in these matters. United States ex rel. Farnsworth v. Murphy, 2 Cir., 254 F.2d 438; remand for hearing, 358 U.S. 48, 79 S.Ct. 76, 3 L.Ed.2d 46; United States ex rel. Easterling v. Wilkins, 2 Cir., 303 F.2d 883). However, I do not feel that we have reached the stage where the judicial function of the judge is to be abdicated in the appraisement of the merits of a petition by a state prisoner for habeas corpus on its face. If that were so, and I am certain it is not, we would have a new form of judicial automation. In the Farnsworth case, supra, 254 F.2d pgs. 442–443, there were many allegations not present here. Judge Frankfurter stated, and I believe it is still accepted doctrine, that a prima facie case must be made out by the petitioner. (Brown v. Allen, 344 U.S. 443, 502, 73 S.Ct. 397, 97 L.Ed. 469; see also Darr v. Burford, 339 U.S. 200, 218, 70 S.Ct. 587, 94 L.Ed. 761; United States ex rel. Marcial v. Fay, 2 Cir., 247 F.2d 662, 667). The petition does not meet this standard. I do not agree with the contention of the State that the petition is premature in that if the petitioner were sentenced as a third offender he might be sentenced for a minimum term of nineteen years that he has not yet served. The cases cited by the State are answered by United States ex rel. Oliver S. Smith v. Jackson, 2 Cir., 234 F.2d 742, 749, citing United States ex rel. Lavelle v. Fay, 2 Cir., 205 F.2d 294, 295.

For the reasons stated, the petition is denied and dismissed. The papers shall be filed by the Clerk without the usual requirement for the payment of fee, and it is

So ordered.