**UNITED STATES of America ex rel. Edward GUBER, alias Edward H. Gould, alias Edward Gould, alias George Jackson, Petitioner,**

v.

**Alexander KOSON, as Warden of the Prison Ward of Bellevue Hospital, Respondent.**

No. 67 Civ. 1960.

United States District Court
S. D. New York.

Aug. 31, 1967.

Sparrow & Sparrow, Kew Gardens, N. Y., for petitioner; Sidney G. Sparrow, Kew Gardens, N. Y., of counsel.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, by Maria L. Marcus, Asst. Atty. Gen., New York City, for respondent.

MANSFIELD, District Judge.

Petitioner seeks relief by writ of habeas corpus from a February 8, 1946 New York judgment of conviction, after a jury trial of the crime of grand larceny, resulting in his being sentenced to a term of 15 to 40 years. He was released to the parole authorities on April 2, 1962, but on February 21, 1967 was once again taken into custody for having violated the terms of his parole.

The history of petitioner's assertion of his state court remedies is as follows: He filed a notice of appeal on March 4, 1946 and, while that appeal was pending, he moved the trial court for a hearing for the purpose of showing that the conviction was obtained by perjury and by fraudulent suppression of evidence. The motion was denied on February 28, 1947. On the same date, a writ of error coram nobis was also denied. The Appellate Division, First Department, dismissed the appeal on April 21, 1948, for failure to prosecute, and on June 14, 1948 a motion to reinstate the appeal was also denied. The New York Court of Appeals thereafter ruled that the June 14, 1948 order was not appealable. Petitioner sought to have the United States Supreme Court review the Appellate Division's refusal to reinstate the appeal, but on December 13, 1948 certiorari was denied.

A further application for a writ of error coram nobis based on the contention that petitioner was denied free choice of counsel at trial was thereafter denied on April 28, 1952, and an appeal to the Appellate Division, First Department, was dismissed on the ground that the appeal was never perfected. In December 1952 petitioner applied in New York for a state writ of habeas corpus on grounds that are not alleged in the

instant petition. The application was denied on July 30, 1953. In November 1953 another coram nobis proceeding was instituted—a proceeding in which petitioner once again alleged he was denied the free choice of counsel at trial. It was thereafter denied, and the denial was affirmed by the Appellate Division, First Department, on March 20, 1956. Leave to appeal to the New York Court of Appeals was denied, and the Supreme Court chose not to extend petitioner's time to file a petition for certiorari.

The applicant in this case grounds his petition on five contentions: (1) that the court issuing the original commitment was without jurisdiction; (2) that the arbitrary conduct of the trial court denied defendant due process of law; (3) that defendant was denied the opportunity to make an intelligent choice between representing himself and having assigned counsel; (4) that defendant was neither represented by counsel at his arraignment nor was he informed of his right to such representation; and (5) that he was not adequately advised of his right to counsel of his own choosing.

■ Petitioner's first two contentions, i. e., lack of jurisdiction and denial of due process, represent mere bare legal allegations unsupported by any sworn statement of facts tending to substantiate them. A petition for a writ of habeas corpus must set forth a prima facie right, United States ex rel. Donahue v. LaVallee, 213 F.Supp. 439 (N.D. N.Y.1963), and bare legal conclusions will not suffice. Pasley v. Overholser, 108 U.S.App.D.C. 332, 282 F.2d 494 (1960); Schlette v. People of State of California, 284 F.2d 827 (9th Cir.), cert. denied, 366 U.S. 940, 81 S.Ct. 1664, 6 L.Ed.2d 852 (1960). While it is true that the applicant did submit a lengthy brief in support of his petition[1] and that such documents have on occasion been considered by courts in determining whether the petition was adequate, Johnson v. Walker, 199 F.Supp. 86 (E.D.La.1961),

affd., 317 F.2d 418 (5th Cir. 1963), the reason for such tolerance invariably has been that petitioner was a layman who could not have been expected to have had any real familiarity with the niceties of the law. In this case petitioner was represented by counsel, which precludes such a lenient attitude, particularly since the memorandum resorts to excerpts, purportedly from the trial record, which are so confused and jumbled that it is difficult to obtain any meaningful impression from them. In any event, petitioner has not shown that either of these issues has ever been presented to New York courts; and, indeed, the State's answering papers affirmatively represent that the "due process" question has never been raised in New York, which, in the absence of a showing of futility, is a prerequisite to seeking relief here. See United States ex rel. Tangredi v. Wallack, 343 F.2d 752 (2d Cir. 1965); United States ex rel. Bagley v. LaVallee, 332 F.2d 890 (2d Cir. 1964).

■ Petitioner's third allegation—that he was denied the opportunity to make an intelligent choice between representing himself and having assigned counsel—is without merit. Excerpts quoted in petitioner's memorandum from the trial record reveal that the court repeatedly offered, before and during trial, to assign legal counsel to represent him, which was refused by the petitioner. If petitioner now contends that the state was obliged to inform him of the respective virtues or qualifications of assigned *vis à vis* retained counsel, such a contention is frivolous. It is apparent from the quoted portions of the record that he was well aware of his right to retain counsel or, if he would not or could not do so, to be represented by legal counsel assigned by the court.

■■ Defendant's fourth contention, that he was denied counsel at his arraignment, also is insufficient, in the absence of any showing of prejudice. Lack of counsel at an arraignment can

---

1. The brief in no way supports the allegation of lack of jurisdiction.

provide grounds for successfully challenging a conviction, Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961), when the arraignment constitutes a crucial portion of the criminal proceeding or when petitioner was prejudiced in some other way by the deprivation of counsel at that time.[2] United States ex rel. Maisenhelder v. Rundle, 229 F.Supp. 506 (E.D.Pa.1964), affd., 349 F.2d 592 (3d Cir. 1965). Arraignment is not such a crucial juncture of the proceeding in New York (N.Y. Code Crim.Proc. §§ 296 to 312–h), and petitioner fails to show that he was in any way prejudiced by not having been represented by counsel at that time. Indeed, it appears that he pleaded "not guilty" and, furthermore, it does not appear he made any statements that could have been used against him.[3] Absent some showing of prejudice, petitioner may not be heard to contend that he had no counsel at his arraignment. United States ex rel. Spinney v. Fay, 221 F.Supp. 419 (S.D.N.Y.), affd. per curiam, 325 F.2d 436 (2d Cir. 1963), cert. denied, 377 U.S. 938, 84 S.Ct. 1343, 12 L.Ed.2d 300 (1964).

▄▄▄▄▄ Petitioner's last contention is that he was not adequately advised of his right to counsel of his own choosing. While he does have such a right (United States v. Bergamo, 154 F.2d 31 (3d Cir. 1946)), the conclusory way in which the matter was set forth in the petition, and the lack of any showing of prejudice, leaves grave doubt as to the sufficiency of the allegation. United States ex rel. Donohue v. LaVallee, supra; see also United States ex rel. Williams v. Tahash, 189 F.Supp. 257 (D.Minn.1960).

If anything, the portions of the record quoted by petitioner indicate that he was aware of his right to retain his own counsel since, at the outset of trial, he affirmatively decided not to be represented by counsel and then, at a later point, asked an adjournment "to obtain my own personal counsel, of my own choosing, for the rest of the entire proceeding". Notwithstanding the failure of the petitioner to sustain the burden of making at least a prima facie showing of merit as to this claim, this Court would normally review the entire state court record in an effort to determine whether there is any substance to it. People of the United States ex rel. Jennings v. Ragen, 358 U.S. 276, 79 S.Ct. 321, 3 L.Ed.2d 296 (1959) (per curiam). In this case, however, interests of justice and expeditious treatment of habeas corpus petitions dictate that the petition be dismissed without prejudice to the filing of a new petition upon a showing that petitioner has sought state relief with respect to all contentions to be urged here. Such a new petition should clarify the conclusory and confusing allegations with respect to petitioner's contention that he was not adequately advised of his right to retain counsel of his own choosing, supporting it with a sufficient statement of facts to enable this Court, upon a single reading of the record, to dispose of all claims at one time.[4] While a petitioner need not necessarily assert all of his federal grounds simultaneously, Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), a recent amendment to 28 U.S.C. § 2244 proscribes the deliberate withholding of a claim at the time of filing a petition for habeas

---

2. In Hamilton v. State of Alabama, for instance, the Court placed controlling weight on the fact that in Alabama a defendant must plead certain defenses at the time of arraignment or be deemed forever to have waived them.

3. Subsequent to 1948, admissions and confessions made by a defendant at arraignment could not be used against him at a trial on the merits. N.Y.Code Crim.Proc. § 312–(d).

4. Counsel for petitioner presumably will be specific in his next application as to precisely what issues have been raised for review in the state courts, since there is a growing trend on the part of federal courts to refrain from considering the issues presented when it appears that state remedies have not been exhausted as to *some* of the issues. Terry v. Denno, 254 F.Supp. 909 (S.D.N.Y.1966).

corpus.[5] See also Terry v. Denno, 254 F.Supp. 909 (S.D.N.Y.1966). The spirit of the amendment clearly underlines the desirability of having all federal grounds presented at one time.

Accordingly, the application is denied without prejudice.

So ordered.

---

5. "(b) When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue of law, a person in custody pursuant to the judgment of a State court has been denied by a court of the United States or a justice or judge of the United States release from custody or other remedy on an application for a writ of habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person and need not be entertained by a court of the United States or a justice or judge of the United States unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ." 80 Stat. 1104.