**UNITED STATES of America ex rel. Anthony VOGLINO, Petitioner,**

**v.**

**J. F. MARONEY, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania, Respondent.**

**No. 864.**

United States District Court
M. D. Pennsylvania.

Oct. 5, 1967.

Anthony Voglino, pro se.

David M. Boyd, Dist. Atty., Wayne County, Honesdale, Pa., for respondent.

## MEMORANDUM

FOLLMER, District Judge.

Anthony Voglino, an inmate at the State Correctional Institution, Pittsburgh, Pennsylvania, has filed in this court a petition for writ of habeas corpus, in forma pauperis. The main grounds on which he bases his allegation that he is being held in custody unlawfully are as follows: (1) He was threatened by various state police officers and forced to plead guilty; (2) His waiver of counsel was not intelligently made; (3) He was denied effective assistance of counsel at various critical stages of the proceeding.

Petitioner never attacked his conviction by direct appeal, however, his application for state habeas corpus was denied by the Court of Common Pleas of Wayne County, Pennsylvania, on March 17, 1965, and his petition to the same court under the Post Conviction Hearing Act was denied on November 8, 1966. His attempted appeal from this latter decision was unsuccessful because it was not correctly filed within the required time. Petitioner has therefore exhausted his available state remedies.

Voglino's petition to this court was filed April 3, 1967, and a Rule to Show Cause was issued that same day. An answer was filed by respondent, and by Order of this court dated June 5, 1967, the District Attorney of Wayne County was directed to file an answer. Petitioner filed a traverse and this court has had the benefit of the records of the state criminal and the state habeas corpus proceedings.

Because the answer of the District Attorney of Wayne County merely denied any knowledge concerning several of the allegations of petitioner, a full hearing was held by this court on August 14, 1967. The District Attorney of Wayne County appeared for respondent and petitioner appeared pro se. At the hearing it developed that petitioner's main allegations are essentially as follows: On or about November 22, 1959, petitioner, then twenty-one years old, was arrested for burglary. When one of the other suspects previously arrested for the same crime signed a statement implicating petitioner, state police officers told petitioner that because of this statement and his prior record no judge would believe him innocent and that he would be "nailed to a cross" if he refused to make a statement. However, if he did sign a statement they would guarantee that he would get a break. After petitioner signed the statement he was told by the officers that he would not need a lawyer at his trial as the judge would give him a break.

These contentions of petitioner were contradicted by the testimony of Sergeant John Noel of the Pennsylvania State Police, who stated that petitioner was not threatened, nor were any promises made to him. However, it was developed that Sergeant Noel had not been present at several of the occasions where the events alleged by petitioner transpired, and that other officers of the state police were involved. These officers, although named in Voglino's petition, were not produced at the hearing by respondent. The District Attorney was directed to obtain the affidavit of at least one of these officers and transmit it to this court. This has not been done. The testimony of Voglino therefore remains largely uncontradicted.

There is no doubt that the circumstances surrounding petitioner's signing of the statement and subsequent plea of guilty would, if true, justify habeas corpus relief. Ellis v. Boles, 251 F.Supp. 1021 (N.D.W.Va.1966); see United States ex rel. Cuevas v. Rundle, 258 F.Supp. 647 (E.D.Pa.1966); Shupe v. Sigler, 230 F.Supp. 601 (D.Neb.1964). Since petitioner's contentions remain un-

disputed they will be accepted as true by this court.

Accordingly, the petition for writ of habeas corpus will be granted, but the Commonwealth will be given an opportunity to appeal. Execution of the writ will, therefore, be stayed for a period of thirty days and if at the end of that period of time the Commonwealth has not appealed, the writ will be executed and the petitioner will be released.