Commonwealth *v.* Marshall, Appellant.

Submitted January 2, 1968. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*Michael J. Rotko* and *Alan J. Davis,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 15, 1968:

Willey Marshall entered a plea of guilty to murder in October of 1961. After the Commonwealth's certification that Marshall's offense rose no higher than second degree murder, testimony was taken and a sentence of 8 to 20 years imposed. Marshall did not appeal but did in 1964 file a petition for a writ of habeas corpus. This Court affirmed without opinion the denial of his petition, see *Commonwealth ex rel. Marshall v. Russell,* 420 Pa. 639, 217 A. 2d 738 (1966); appellant Marshall's subsequent habeas corpus action in federal district court was dismissed for failure to

exhaust state remedies, see *United States ex rel. Marshall v. Russell,* No. 767 H.C. (M.D. Pa. 1966).

Appellant returned to state court and on October 10, 1966 filed a second habeas corpus petition which the court below treated as a petition under the Post Conviction Hearing Act. Counsel was appointed and a hearing held. Marshall's sole contention was that, under the doctrine of *Commonwealth v. Garrett,* 425 Pa. 594, 229 A. 2d 922 (1967), an involuntary confession procured by the interrogating detectives primarily motivated the entry of his guilty plea. The post-conviction hearing judge concluded that the confession "was the product of . . . [Marshall's] rational intellect and free will" and that the guilty plea was entered after court appointed counsel had fully advised their client as to the nature and consequences of his act. Both of these findings are now attacked.

At his hearing Marshall testified that he was beaten by the arresting officers and that he was later threatened with additional violence. Appellant stated that he had been drinking and that he signed the statement (which he was unable to read because he did not have his glasses) to avoid any further beatings. One of the two detectives involved in the interrogation testified that at no time did he strike or threaten Marshall and that he did not observe anyone else do so. Although this detective admitted that he was not at all times in Marshall's presence, he insisted that there was no visible indication that Marshall had in any way been harmed.

As to the motivation for his plea, appellant insisted that trial counsel informed him that, given the existence of Marshall's statement, the only course was a guilty plea. Both trial counsel testified and denied that they in any way foreclosed other available alternatives. Appellant, according to trial counsel, was

advised of the possible sentences which could be im-. posed and that one Pop Johnson was going to testify that he observed Marshall strike the decedent with an axe. Trial counsel indicated that they recommended entry of a plea based upon this eyewitness testimony (as well as a trail of blood leading from Marshall's apartment to the decedent's body which was found by police one-half block away) and that they made this evaluation without regard to the confession. Finally, both counsel were insistent that at all times the ulti-- mate decision remained with Marshall.

Although, regrettably, the trial record contains no examination of Marshall in an attempt to determine the voluntariness of his plea, the burden is appellant's to demonstrate that his plea was not voluntarily entered. *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 237 A. 2d 196 (1968) ; *Commonwealth v. Hill*, 427 Pa. 614, 235 A. 2d 347 (1967). Marshall thus had the burden of demonstrating that the confession (assuming it was involuntary) was causally connected with the entry of his plea. Appellant seems to insist that, where the prisoner's testimony is sufficient, if believed, to constitute the basis for a finding that his plea was constitutionally invalid, the burden shifts to the Commonwealth to rebut this testimony upon penalty of issuance of the writ. This argument was expressly rejected in *Commonwealth v. Grays*, 428 Pa. 109, 237 A. 2d 198 (1968).

Alternatively, he insists that his motivation for entry of his guilty plea was the confession and that. it is the prisoner's motivation which controls. See *Commonwealth ex rel. West v. Myers*, 423 Pa. 1, 5-6, 222 A. 2d 918, 921 (1966). Appellant therefore contends that trial counsel's testimony, i.e., that appellant's decision was based upon the existence of evidence other than the confession, even if believed by the hearing.

judge is not probative. We do not agree. The post-conviction hearing judge may rely upon trial counsel's testimony as to the advice given to the prisoner and the reasons prompting this advice, and infer therefrom that petitioner's plea was not primarily motivated by his confession. Were the rule otherwise, any guilty plea could be invalidated upon the uncorroborated testimony of the prisoner that he entered his plea because of the possibility that constitutionally infirm evidence would be employed at his trial. We therefore conclude that the finding of the post-conviction hearing judge that appellant's plea was voluntarily entered is supported by the record.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.