UNITED STATES of America ex rel.
Frank E. DARRAH

v.

Joseph R. BRIERLEY, Superintendent.

Misc. No. 3939.

United States District Court
E. D. Pennsylvania.

Oct. 10, 1968.

Roger F. Cox, Asst. District Atty., City of Philadelphia, Pa., for the Commonwealth.

John H. Lewis, Jr., Morgan, Lewis & Bockius, Philadelphia, Pa., for relator.

## OPINION

JOHN MORGAN DAVIS, District Judge.

Before the Court is a petition for a writ of habeas corpus. In 1945, the relator received a sentence of 50 to 100 years imprisonment for burglary and receiving stolen goods. Pleas of guilty were entered on all bills upon which

sentence was ultimately imposed. No direct appeal was prosecuted. Collateral review was instituted however, in August of 1966, in accordance with the Pennsylvania Post Conviction Hearing Act, twenty-one years after imposition of sentence. On April 5, 1967, the relator was granted leave to appeal nunc pro tunc, which subsequently, was duly filed. On September 22, 1967, the cause was remanded for additional findings of fact. On December 7, 1967, an order was entered denying relief. This was affirmed, per curiam, on April 10, 1968. Commonwealth v. Darrah, 212 Pa.Super. 712, 240 A.2d 81. Allocatur was refused by the Supreme Court, on May 21, 1968. Consequently, state remedies may be deemed exhausted.

■ The state records, including the trial and post conviction hearing notes of testimony provide an adequate basis for deciding this petition. Considering the completeness of the state record it is unnecessary to conduct a hearing. This conclusion is reinforced by the fact that the relator's counsel during all the state collateral proceedings has also entered appearance on behalf of the relator in this proceeding and has submitted the identical brief for our consideration. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

### I.

■ Preliminarily, the relator asserts that the sentence as announced from the bench was so indefinite and unclear, as to be invalid.

Although some uncertainty as to the intent of the sentencing judge may ostensibly appear from an examination of the notes of testimony (p. 37–39), it is the accepted rule in Pennsylvania that the sentence as officially recorded upon the bills of indictment governs. Commonwealth v. Zelnick, 202 Pa.Super. 129, 195 A.2d 171 (1963); Commonwealth ex rel. Speaks v. Rundle, 209 Pa.Super. 227, 224 A.2d 805 (1966); Farriss v. Keenan, 77 Pa.Dist. & Co.R. 478 (1952). Any oral statements or remarks by the sentencing judge which are not expressly

incorporated into the judgment as recorded, are not to be construed as determinative. Appeal of Marelia, 177 Pa. Super. 520, 110 A.2d 832 (1955).

Here, our examination of the original bills of indictment, all personally certified by the trial judge, unequivocally indicate that consecutive sentences of 10 to 20 years imprisonment were imposed on O.T. Bills No. 391, 393, 394, 395 and 397. As to Bills No. 392 and 396, no sentence was imposed. Under Pennsylvania decisions, it is apparent that sentence could not *now* be imposed on the latter two bills. Commonwealth v. Duff, 414 Pa. 471, 200 A.2d 773 (1964); Commonwealth v. Garrett, 423 Pa. 8, 222 A.2d 902 (1966); Commonwealth v. Hoffman, 210 Pa.Super. 48, 232 A.2d 19 (1967). The answer filed by the respondent (document 5) demonstrates that the sentence as imposed is being properly applied. Consequently, this allegation is clearly without merit.

### II.

■ As a result of several physical beatings, the denial of food, and lack of sleep, the relator alleges that he involuntarily signed a confession. He then asserts that the existence of this confession formed the sole basis for ultimately pleading guilty.

After rather extensive examination by the Commonwealth and by the presiding judge during the Post Conviction Hearing, the Court concluded that " * * * his [relator's] entire story was fabricated after his hopes for release were frustrated by the denials of his numerous applications for commutation. In short, we find his testimony totally unworthy of belief."

After independently reviewing the testimony of the relator, we agree with the conclusion of the Post Conviction Judge. Other than his own assertion, there is no evidence of any coercion on the part of the Commonwealth. In addition, by his own testimony, the relator decided to raise this issue, only after having unsuccessfully attempted on about 13 occasions to have his sentence commuted. We

cannot perceive that a defendant would consider such a basic irregularity as a coerced confession as a mere secondary approach to obtaining freedom, to be pursued only if commutation attempts are not successful.

 Although we do not agree with the Commonwealth that failure to raise the issue of coercion in a timely manner constitutes waiver, it does indeed create a strong presumption of regularity. Commonwealth v. Garrett, 425 Pa. 594, 229 A.2d 922 (1967). This presumption is not rebutted merely by the relator's uncorroborated assertions. Commonwealth v. Marshall, 429 Pa. 304, 239 A. 2d 313 (1968); Commonwealth ex rel. Crosby v. Rundle, 415 Pa. 81, 202 A.2d 299 (1964), cert. denied 379 U.S. 976, (1965). The relator still bears the burden of bringing forth sufficient evidence to establish at least a *prima facie* case before the Commonwealth would be required to present any evidence in rebuttal, let alone require this Court to accept the relator's allegations as true. Painter v. Peyton, 257 F.Supp. 913 (D.Va.1966); United States ex rel. Donahue v. La Vallee, 213 F.Supp. 439 (N.D.N.Y.1963). He must come forth with substantial evidence to overcome the presumption of regularity. Stewart v. Smyth, 288 F.2d 362 (4th Cir. 1961). Conclusory, unsubstantiated assertions are insufficient to form the basis of habeas relief, United States ex rel. Battle v. Fay, 219 F.Supp. 798 (S.D.N.Y.1963). Any other conclusion would reduce to a sham the requirement of placing the burden of proof upon the relator.

Accordingly, we conclude that the relator has failed to establish that his confession was not voluntary, or that it presented the principal inducement for pleading guilty.

### III.

 It is further alleged that dual representation of co-defendants amounted to ineffective assistance of counsel, since the defenses were conflicting. In his brief, the relator asserts that no actual harm need be demonstrated—that the *potential* conflict arising from simultaneous representation of co-defendants is sufficient for habeas relief.

The record, however, indicates that the other defendant (Moses) pleaded guilty to all bills.[1]

While it is true that no single attorney could properly represent two or more defendants with conflicting claims, United States ex rel. Martinas v. Brierley, 273 F.Supp. 260 (E.D.Pa.1967), this procedure is not fundamentally unfair unless an *actual* conflict is demonstrated. United ed States ex rel. Gallagher v. Rundle, 273 F.Supp. 438 (E.D.Pa.1967).

Here, the defenses of the relator and his co-defendant Moses were entirely compatible. Absent such a showing, the mere fact of dual representation does not amount to constitutional error. United States ex rel. Watson v. Myers, 250 F. Supp. 292 (E.D.Pa.1966); United States ex rel. Platts v. Myers, 253 F.Supp. 23 (E.D.Pa.1966).

### IV.

 The relator next asserts that he was denied the right of allocution at the time of imposition of sentence. An examination of the trial transcript indicates that this is correct.

However, there is no constitutional right to allocution. McGrady v. Cunningham, 296 F.2d 600, 96 A.L.R.2d 1286 (4th Cir. 1961); Application of Rodriguez, 226 F.Supp. 799 (D.N.J.1964); United States ex rel. Elksnis v. Gilligan, 256 F.Supp. 244 (S.D.N.Y.1966). Although, allocution is afforded a defendant as of right in all Federal criminal proceedings, F.R.Crim.Proc. 32(a); United States v. Allegrucci, 299 F.2d 811 (3rd Cir. 1962), the basis therefor does not rest upon constitutional grounds. Indeed, the Supreme Court of the United States has expressly indicated its reluctance to base the Federal right embodied

---

1. Trial N.T. p. 2. Although the defendant Moses originally pleaded not guilty to Bill No. 392 he subsequently changed his plea; Trial N.T. p. 36.

in Federal Criminal Rule 32 upon the Constitution.

 Instead, it merely observed that this right is "ancient in the law." United States v. Behrens, 375 U.S. 162, 165, 84 S.Ct. 295, 11 L.Ed.2d 224 (1963). Since Federal habeas relief is essentially limited to constitutional or Federal statutory errors, 28 U.S.C. § 2241, any further consideration is foreclosed.

 Parenthetically, we note that even under the law of the Commonwealth, the right to allocution is extended only in capital cases. Commonwealth ex rel. Ashmon v. Banmiller, 391 Pa. 141, 137 A.2d 236 (1958), cert. denied 356 U.S. 945, 78 S.Ct. 792, 2 L.Ed.2d 820 (1958); Commonwealth ex rel. Lockhart v. Myers, 193 Pa.Super. 531, 165 A.2d 400 (1960), cert. denied 368 U.S. 860, 82 S.Ct. 102, 7 L.Ed.2d 57 (1961).

## V.

 For his participation in the crimes represented by the aforementioned Bills, the relator received an aggregate sentence of 50 to 100 years imprisonment. It is asserted that a sentence of this magnitude amounts to cruel and unusual punishment, contrary to the 8th and 14th Amendments.[2]

Recognizing that "cruel and unusual" is somewhat imprecise, the relator asks us to consider Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910), where the defendant, a disbursing officer for the "Bureau of Coastguard", was found guilty of falsifying a "public and official document, by entering therein, as paid out, the sums of 208 and 408 pesos, respectively, as wages to certain employees of the Lighthouse Service." Weems supra, at 363, 30 S.Ct. at 547. Instead, the defendant Weems appropriated the sums to his own use. For this crime, he received 15 years imprisonment 12 of which would be served in irons.

Although the Supreme Court had no difficulty in concluding that Weems had been subjected to cruel and unusual punishment, this case is of limited assistance here, since the relator has been sentenced on *five* separate crimes, while Weems was only charged with a single crime.

While it is true that the five crimes were committed in a comparatively short period of time, each involved a rational, voluntary, separate decision to infringe upon the rights of the victims. Each was indeed a separate manifestation of the defendant's *mens rea*. Considering each offense *individually* as we properly should, we cannot conclude that the imposition of 10 to 20 years imprisonment for each offense is completely arbitrary and shocking to our sense of justice, recognizing that the sentencing Judge was presented with a comprehensive indication of the relator's potential for rehabilitation. Rogers v. United States, 304 F.2d 520 (5th Cir. 1962). Kasper v. Brittain, 245 F.2d 92 (6th Cir. 1957), cert. denied 355 U.S. 834, 78 S.Ct. 54, 2 L.Ed.2d 46 (1957).

## VI.

Finally, it is asserted that the relator was denied effective assistance of counsel at the time of sentencing.

The respondent concedes that in light of a similar finding by the Judge presiding at the Post Conviction proceeding." * * * the Commonwealth would not oppose the entry of an order that relator be produced before the trial judge for resentencing."[3] In our view, the conclusiveness of an answer, if uncontroverted, forecloses examination of the merits of the allegation 28 U.S.C. § 2248. The relator must be resentenced.

### ORDER

AND NOW, this 10th day of October 1968, it is HEREBY ORDERED that the petition for a writ of habeas corpus, is conditionally GRANTED; however,

---

2. The Pennsylvania Penal Code authorizes the imposition of a maximum punishment of 20 years imprisonment for the crime of burglary. 18 P.S.Pa. § 4901.

3. Answer (Document 6) p. 3.

the execution of the writ is HEREBY STAYED for 60 days from the date of this Order to permit the Commonwealth to present the relator before the trial judge for resentencing. Upon completion of said resentencing the petition for a writ of habeas corpus is DENIED, at which time this Order becomes final for purposes of appeal. In my opinion there is probable cause for appeal.