UNITED STATES of America ex rel. Frank E. DARRAH, Appellant,

v.

Joseph R. BRIERLEY, Superintendent, State Correctional Institution at Philadelphia, Pennsylvania.

No. 17702.

United States Court of Appeals Third Circuit.

Argued May 9, 1969.

Decided Aug. 29, 1969.

John H. Lewis, Jr., Morgan, Lewis & Bockius, Philadelphia, Pa., for appellant.

Joseph J. Musto, Roger F. Cox, Asst. Dist. Attys., James D. Crawford, Asst. Dist. Atty., Chief, Appeals Div., Richard A. Sprague, First Asst. Dist. Atty., Arlen Specter, Dist. Atty., Philadelphia, Pa., for appellee.

Before McLAUGHLIN, KALODNER and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

GERALD McLAUGHLIN, Circuit Judge.

This is an appeal from the order of the District Court denying appellant Darrah's petition for a writ of habeas corpus. The latter was based on Darrah's contention that his pleas of guilty were induced by a coerced confession, that he was deprived of effective assistance of counsel both at trial and at sentencing and, that his sentence constitutes cruel and unusual punishment.

Appellant pleaded guilty on January 22, 1945 in the Court of Quarter Sessions of Philadelphia County to charges stemming from various separate incidents involving burglaries of numerous homes and businesses. Although Darrah pleaded not guilty to one weapons charge he pleaded guilty to all charges upon which sentences were imposed, viz. five (5) separate counts of burglary and receiving stolen goods (Indictment Bills Nos. 391, 393, 394, 395, 397).[1] Consecutive 10 to 20 year sentences were imposed on each count.[2] No appeal was taken from the

---

1. Also, the appellant and his counsel have not challenged the prosecutor's statement at page 2 of his brief that appellant entered guilty pleas on that date to six other charges of burglary (Nos. 392, 396, 401 (Count 1), and 404–406) ; one charge of attempted burglary No. 399 (Count 1) ; five weapons charges as of January Sessions, 1945, Nos. 399 (Count 2), 400, 401 (Count 2), 406 (Count 2) and 409; two charges of armed robbery, as of January Sessions, 1945, Nos. 403 and 407; one charge of assault with intent to kill, as of January Sessions, 1945, No. 402; and one charge of assault and battery with intent to kill, as of January Sessions, 1945, No. 408.

2. Darrah was the last to be sentenced of a group of five defendants who had participated in this series of robberies and burglaries and were sentenced on 1/22/45 after pleading guilty (one defendant was tried that day on certain charges). He had heard the judge (1) announce that he would normally give 10 to 20 years to a minor defendant (N.T. 37) if he had a record, and (2) sentence two other defendants (one of whom was a minor and neither of whom had fired guns) to 15 to 30 years. He had testified that he fired a shot during the robbery of a candy store (N.T. 30) and it had been testified that he shot the owner of a tailor shop through the chest. In a joint statement he had

judgment of sentence. In August 1966, over 20 years after said sentences, Darrah filed a petition under the Pennsylvania Post Conviction Hearing Act. On February 28, 1967 appellant was afforded a full hearing. He testified at that hearing and was represented by counsel. On April 5, 1967, Darrah was granted the right to appeal nunc pro tunc from the sentence judgment as a result of the state court's finding that he did not have effective assistance of counsel at the time of his sentencing. Darrah appealed to the Superior Court of Pennsylvania which remanded the cause to the post-conviction court for further findings of fact and conclusions of law. On December 7, 1967, by opinion and order, the post-conviction court denied relief. The decision of the post-conviction court was affirmed without opinion by the Superior Court (Commonwealth v. Darrah, 212 Pa.Super.Ct. 712, 240 A.2d 81 (1968)) and allocatur was denied on May 21, 1968. Appellant then brought the petition for writ of habeas corpus in the District Court. The latter, without an evidentiary hearing or argument of counsel, by opinion and order dated October 10, 1968, dismissed all of appellant's contentions except the claim of ineffective assistance of counsel at the time of the imposition of sentence and ordered that appellant be resentenced. United States ex rel. Darrah v. Brierley, 290 F.Supp. 960 (E.D.Pa., 1968).

■ Appellant alleges that the District Court erred in dismissing the petition without an evidentiary hearing and without argument of counsel. The District Court, holding that a hearing was unnecessary, said:

"The state records, including the trial and post conviction hearing notes of testimony provide an adequate basis for deciding this petition. Considering the completeness of the state record it is unnecessary to conduct a hearing. This conclusion is reinforced by the

fact that the relator's counsel during all the state collateral proceedings has also entered appearance on behalf of the relator in this proceeding and has submitted the identical brief for our consideration. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)." 290 F.Supp. at 962.

In Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the Supreme Court of the United States exhaustively considered the circumstances under which a hearing on a federal petition for habeas corpus is necessary. The Court, in outlining the appropriate standard, said at pp. 312–313, 83 S.Ct. at p. 757:

"* * * Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. In other words a federal evidentiary hearing is required unless the state-court trier of fact has after a full hearing reliably found the relevant facts. (footnote omitted)."

■ The District Court, after evaluating the state record which included the trial and post-conviction hearing notes of testimony, concluded that the record was complete and therefore that a plenary evidentiary hearing was not indicated. In effect, the Court below was convinced that appellant had been afforded a full and fair hearing on the issue of the voluntariness of his confession and that the findings of the state court were sound and entirely justified on the record. From our independent review of the record and proceedings below we agree that under the facts in this appeal, the District Court had no duty to conduct an independent evidentiary hearing. Townsend v. Sain, supra; United States ex rel. Rowles v. Myers, 407 F.2d 1332 (3 Cir. 1969); United States ex

---

conceded that he was the only one firing a gun during the robberies. He made no attempt to withdraw his guilty pleas after

the above sentences and prior to his own sentence.

rel. Butler v. Brierley, 387 F.2d 127 (3 Cir. 1967). Clearly there has been no infringement of appellant's fundamental constitutional rights. Likewise, the District Court's decision not to hear oral argument was within its proper discretion since appellant filed a brief below and makes no claim that his contentions were not fully set forth therein.

Appellant also argues that the District Court "erred in holding that the state post-conviction court was correct in rejecting the unequivocal and unrebutted testimony of appellant that his plea of guilty was induced by a coerced confession." Darrah said that he had been subjected to continuous beatings by police officers which resulted in a coerced confession. He further testified that he pleaded guilty because of the threats of the police officers to continue the beatings if he pleaded not guilty. The state court judge, who heard this evidence and observed appellant's demeanor found it "totally unworthy of belief". On this issue the Court below stated:

"After independently reviewing the testimony of the relator, we agree with the conclusion of the Post Conviction Judge. Other than his own assertion, there is no evidence of any coercion on the part of the Commonwealth. In addition, by his own testimony, the relator decided to raise this issue, only after having unsuccessfully attempted on about 13 occasions to have his sentence commuted. We cannot perceive that a defendant would consider such a basic irregularity as a coerced confession as a mere secondary approach to obtaining freedom, to be pursued only if commutation attempts are not successful.

\* \* \* \* \* \*

"Accordingly, we conclude that the relator has failed to establish that his confession was not voluntary, or that it presented the principal inducement for pleading guilty."

We agree that appellant failed to present a believable factual showing that his guilty plea had been involuntary. We note that the record does not say whether or not the state trial judge made inquiry as to whether the plea had been knowingly and voluntarily entered.[3] Failure of a state court to inquire into the voluntariness of a guilty plea does not, standing alone, entitle appellant to federal habeas corpus relief. United States ex rel. Crosby v. Brierley, 404 F.2d 790 (3 Cir. 1968). We believe this record constitutes "an affirmative showing that the plea was intelligent and voluntary." See Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed. 2d 274 (1969). He was represented by counsel[4] at his arraignment and entry of his guilty pleas. His testimony that he was beaten by police officers is uncorroborated. His own assertions are the only evidence of alleged misconduct by the police. *Appellant, on the day of his arraignment and sentencing, testified for the state in the trial of a co-defendant wherein he admitted his implication in various burglaries and attempted burglaries.* The long, strange delay in claiming fundamental constitutional rights cannot be ignored. It, of itself, has substantial impact on appellant's credibility as a witness and affects the quantum of proof necessary to establish the factual prerequisite for habeas corpus relief. As was stated in Dean v. State of North Carolina, 269 F.Supp. 986 (M.D.N.Car., 1967) at p. 992:

---

3. The plea of guilty was recorded in a reporter's note prior to presentation of the Commonwealth's evidence on January 22, 1945. It stated: "(The defendants were arraigned at the bar of the court. Darrah pleaded guilty to the Bills in which he was named as a defendant except Bill No. 398. \* \* \*)" The plea of guilty was also shown by notation on the Clerk's certification of judgment.

4. Appellant was represented by Herman Pollock, Esq., who was one of the most competent criminal defense lawyers in Philadelphia in 1945. Also, the events of January 22, 1945, described above (see pages 1 and 2 and footnotes 1 and 2) must be considered in determining whether there has been the "affirmative showing" required by Boykin, supra.

"While it is generally held that the doctrine of laches is not an absolute bar to the prosecution of a claim for post-conviction relief, it has been recognized that the lapse of time affects the quantum of required proof as well as the good faith and credibility of the moving party."

Appellant now challenges the validity of his guilty pleas, entered more than twenty years ago, only after numerous unsuccessful attempts to have his sentence commuted. On this point the state trial judge concluded:

"In the post-conviction hearing held on February 28, 1967, Darrah offered extensive testimony with regard to the circumstances surrounding his confession. If we were to believe Darrah's testimony, then undoubtedly the confession was coerced and the guilty plea invalid. But, after considering Darrah's demeanor and credibility as affected by the long delay, we conclude that his entire story was fabricated after his hopes for release from prison were frustrated by the denials of his numerous applications for commutation. In short, we find his testimony totally unworthy of belief."

After independently reviewing appellant's testimony, and considering the relevant factors recited above, we must conclude that the District Court was thoroughly justified in holding that appellant had not shown, by sufficient credible evidence, a factual basis for habeas corpus relief.[5]

Appellant further contends that, since he was represented by an attorney who also appeared for a co-defendant with what he called a conflicting defense, he was deprived of effective assistance of counsel. Darrah pleaded guilty to all Bills of Indictment except No. 398, a weapons charge. The co-defendant, Moses, also pleaded guilty to all bills against him. Although copies of the bills of indictment do not appear in the record before us the notes of testimony make it plain that co-defendant Moses was not named as defendant in No. 398. No conflict could have arisen under these circumstances.

Appellant urges that the sentences imposed constitute cruel and unusual punishment. He received five consecutive 10–20 year sentences. The maximum sentence for the crime of burglary under the Pennsylvania Penal Code (18 P.S.Pa. § 4901) is 20 years imprisonment. Appellant was sentenced for five separate crimes. From the facts before us the sentences were neither arbitrary nor unjust. Cf. Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910).

The judgment of the District Court will be affirmed without prejudice to the right of relator to file another petition for a writ of habeas corpus in the District Court, after exhausting his state remedies, to present his alleged constitutional objections, if any, to the conduct of the December 4, 1968, resentencing proceeding.

---

5. The cases cited by appellant do not compel a different result. Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126 (1956) and United States ex rel. Perpiglia v. Rundle, 221 F.Supp. 1003 (E.D.Pa.1963) hold only that allegations raised by petitioner justified relief *if proven*. Here appellant's unsupported allegations did not sustain his burden of proof. Also in United States ex rel. Voglino v. Maroney, 273 F.Supp. 640 (M.D.Pa.1967) the district court judge chose to accept petitioner's testimony as true after the District Attorney failed to obtain an affidavit of a police officer as directed.