**UNITED STATES of America, Plaintiff,**

v.

**Kenneth Earl McPEEK, Defendant.**

**No. 69–62–Cr.**

United States District Court
S. D. Florida.
Dec. 9, 1969.

Neal Sonnett, Asst. U. S. Atty., Miami, Fla., for plaintiff.

Ellis S. Rubin, Miami Beach, Fla., for defendant.

ORDER

FULTON, Chief Judge.

Kenneth Earl McPeek was indicted for one count of aircraft piracy, and one count of assault with a deadly weapon upon a flight crew member. Upon his plea of guilty to the assault charge, he was sentenced on July 31, 1969, pursuant to Title 18 U.S.C. Chapter 311, § 4208(a)(2), to an indeterminate sentence of 15 years, during which he shall be eligible for parole at any time, at the discretion of the Board of Parole.

McPeek has now filed a motion to reduce sentence pursuant to Fed.R. Crim.P. 35. This motion first contends that the sentence was too severe under the circumstances of the case. McPeek overlooks the severity of his offense, and the maximum sentence which might have been imposed upon him. This sentence is particularly lenient, both in its relative shortness when compared with the possible maximum, and in its indeterminate

character. McPeek is eligible for parole at any time the Parole Board determines him to be ready for such a step.

■ The second ground alleged in this petition is much more serious. McPeek contends that at the time of this offense " * * * he was suffering from severe mental disease and was in fact fleeing his place of normal abode in order to avoid involuntary commitment to the Michigan State Hospital for the Mentally Ill." This is a grave charge. However, because of the seriousness of the indictment in this case, every precaution was taken to insure that McPeek was afforded the finest defense possible. The Court appointed an experienced lawyer as counsel for McPeek. This lawyer had previously represented a defendant charged with the same offenses as McPeek and had secured an acquittal for that defendant. In addition, prior to trial of this case the Court ordered and had conducted upon McPeek three psychiatric examinations on separate occasions, by different psychiatrists. The Court received and carefully studied the detailed reports of these doctors who were unanimous in their opinion that McPeek was at the time of the offense and at trial fully competent.

This is a well drafted motion. It is rubber-stamped with a notation that it was prepared by the legal assistance for inmates program of the Emory University School of Law at Atlanta. It is evident that the student who prepared the motion did not have an opportunity to study the entire file in this cause. Such a study would have revealed the total lack of factual basis for a defense of mental incompetency at the time of commission of this offense.

Because of the nature of the charge made in this motion for reduction of sentence, this Court has considered it not only as such a motion but also as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. Thereupon it is

Ordered and adjudged that all relief sought by this petition be and the same is hereby denied.