Thomas A. **GUERRO** (and three others), Petitioner, Appellant,

.v.

Commissioner **FITZPATRICK**, Respondent, Appellee.

No. 7758.

United States Court of Appeals, First Circuit.

Jan. 26, 1971.

---

Thomas A. Guerro on the brief, pro se.

Robert H. Quinn, Atty. Gen., John J. Irwin, Jr., Asst. Atty. Gen., Chief Criminal Division, and Charles E. Chase, Asst. Atty. Gen., on the brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Petitioner's appeal from a denial of his petition for a writ of habeas corpus stems from his conviction, along with five other defendants, in a consolidated trial involving twenty-eight indictments for associated motor vehicle crimes. Convictions of four defendants who appealed, including petitioner, were affirmed by the Massachusetts Supreme Judicial Court in Commonwealth v. Guerro, 1970 Mass.Adv.Sh. 1065, 260 N. E.2d 190 (June 19, 1970), which sets forth all essential facts.*

1. Petitioner first launches a twofold attack on his convictions for re-

---

* Petitioner himself was sentenced to three consecutive 9–10 year terms under indictments for receiving a stolen motor vehicle, in violation of Mass.G.L.A. c. 266, § 28; for operating a motor vehicle without authority or license, in violation of § 28; and for illegal possession of motor vehicle master keys in violation of § 49. He has also been sentenced to concurrent 3–5 year terms for being an accessory and for conspiracy.

ceiving a motor vehicle knowing the same to be stolen and for operating the same motor vehicle without authority from the owner and without a valid license to operate, both activities being in violation of Mass.G.L.A. c. 266, § 28. Petitioner asserts that either these two convictions are inconsistent or the crime of receiving is a lesser included offense. He also argues that, even if neither proposition is accepted, the "rule of lenity" dictates that separate and cumulative sentences ("double punishment") should not be imposed for a single act violating a single statute. No authority has been cited for the proposition that any of these claims rises to constitutional level. Moreover, as did the Massachusetts court, we see no inconsistency between receiving a vehicle knowing it to be stolen and operating a vehicle without either the owner's authority or a valid license to operate. One can commit either crime without committing the other. That petitioner managed to commit both crimes in one course of conduct does not change the analysis. As for the "rule of lenity", this, even for federal courts, construing federal laws, is merely a question of statutory construction, Milanovich v. United States, 365 U.S. 551, 554, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), a question explicitly resolved by the Massachusetts court in *Guerro, supra*, in holding that § 28 clearly described separate offenses.

■ 2. Petitioner claims that his several cumulative sentences, while each is within the statutory maximum of ten years, constitute cruel and unusual punishment. This contention does not appear to have been addressed by and may not have been addressed to the state court. The respondent does not raise the procedural point. But even if there is no exhaustion problem, it is clear that, absent exceptional circumstances not present here, a sentence within the limits of a state statute is not vulnerable on constitutional grounds. United States ex rel. Darrah v. Brierley, 415 F. 2d 9 (3d Cir. 1969); United States v. Dawson, 400 F.2d 194 (2d Cir. 1968), cert. denied, 393 U.S. 1023, 89 S.Ct. 632, 21 L.Ed.2d 567 (1969).

■ 3. A claim that petitioner's conviction for possession of master keys is invalid for lack of any evidence of intent to use assumes wrongly that the jury at most could find that mere possession was proven. The jury, from all of the evidence in the case connecting petitioner with an organized motor vehicle theft operation, could, as the Massachusetts court concluded, properly return a verdict of guilty. Commonwealth v. Johnson, 199 Mass. 55, 62, 85 N.E. 188 (1908).

■ 4. Petitioner also claims error in being denied certain discovery efforts. One series of motions related to attempts to discover whether the government had indulged in any wiretapping which led officers to observe the events involving petitioner. The Massachusetts court, noting the absence of any representation that the government was suppressing evidence and the vigorous cross-examination of the officers, found no error. There can be no valid federal constitutional claim, since any possible surveillance would have antedated December 18, 1967. Desist v. United States, 394 U.S. 244, 254, 89 S.Ct. 1030, 22 L. Ed.2d 248 (1969). Other claimed errors in ruling on discovery efforts were not pressed in petitioner's brief and are without merit.

■ 5. A final argument that an affidavit supporting two search warrants was valid, while addressed convincingly by the Massachusetts Supreme Judicial Court, was not presented in petitioner's amended petition to the district court and will not be considered.

Affirmed.