**James Arthur JOSEPH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 20622.**

United States Court of Appeals, Eighth Circuit.

March 30, 1971.

Con Keating, Lincoln, Neb., filed brief for appellant.

Richard A. Dier. U. S. Atty., Omaha, Neb., and William J. Tighe, Asst. U. S. Atty., filed brief for appellee.

Before VAN OOSTERHOUT, HEANEY and BRIGHT, Circuit Judges.

PER CURIAM.

The appellant, James Arthur Joseph, was convicted on his plea of guilty to two counts of check forgery in violation of 18 U.S.C. § 2314. The aggregate amount of the two checks, both written on the same day, was $691.29. Joseph was sentenced under 18 U.S.C. § 4208(a) (2) [1] to three years on each count, the sentences to run consecutively.

On this appeal, Joseph urges (1) that the severity of his sentence constitutes cruel and unusual punishment, and (2) that this Court has power to modify it under the authority of 28 U.S.C. § 2106 and United States v. Wiley, 278 F.2d 500 (7th Cir. 1960).

We do not believe this sentence constitutes cruel and unusual punishment. See, Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910); United States ex rel. Darrah v. Brierley, 415 F.2d 9 (3rd Cir. 1969). Cf. United States v. McKinney, 427 F.2d 449 (6th Cir. 1970). Nor do we find any reason to modify the sentence: Joseph had a prior criminal record; the sentence of three years on each count was clearly within the statutory limits, see, Cassidy v. United States, 428 F.2d 585 (8th Cir. 1970); Jones v. United States, 396 F.2d 66 (8th Cir. 1968); and the sentence specifically authorized the release of the appellant on parole at such time as the parole board may determine. See, United States v. McPeek, 306 F.Supp. 914 (S.D.Fla.1969).

The judgment is affirmed.

1. The pertinent part of 18 U.S.C. § 4208 (a) (2) provides:
"(a) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, * * * (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine."